Judge Ewing
delivered the Opinion of the Court.
Allen sold Carson a negro woman and child for four hundred and twenty five dollars, to be paid by the acceptance of a bill, to be drawn in favor of Allen, on the firm of Carson, Wells and Griffin,at Natchez or NewOrleans,at four months; and was to execute a bill of sale for the slaves, *396 with warranty of their soundness. Carson took the slaves home with him, and discovering, as he believed, that they were diseased, sent them to the farm of Allen, from whence he received them, and informed him that they were unsound, and that he would not accept the bill to be drawn on him and his partners. After the four months expired, Allen brought this action against Carson; in which he declared, in indebitatus assumpsit, and quantum valebant, for the price of the slaves, and obtained a verdict and judgment; and Carson’s motion for a new trial being overruled, he has brought the case to this Court.
Action for the price of a negro woman & child; pit f proved the sale of the woman, by witnesses who said nothing of the child; motion for a nonsuit — overruled ; subsequent testimony supplied the defect. — Even after the motion, the court might,have admitted further evidence to correct a defect occurring through inadvertence or accident. An'd if the variance had been fatal— of which query, still, as it was corrected before the case went to the jury, this court would not reverse, for the refusal to order the nonsuit.
After the plaintiff had introduced testimony proving the sale of the negro woman, for four hundred and twenty five dollars, without mentioning the child, and announced that he would i’est his case upon the testimony then heard, the counsel for the defendant moved the Court to instruct the jury as in case of a non-suit. The Court overruled the motion ; and this is the first error assigned.
I't is evident, from the further progress of the - testi- ' mony, that a negro woman and'dvild were sold, as described in the declaration. But that the witnesses, inadvertently, had spoken of the sale of the woman only, which had not been observed by the counsel for the plaintiff. If, therefore, it were admitted that the variance was material, we would not feel disposed to reverse the judgment on that ground. 'Justice should not be entangled by technical niceties, or a meritorious case lost by the casual omission of counsel or the inadvertence of witnesses. As it would have been allowable ' and proper in the exercise of a sound discretion after' the motion was made, for the Circuit Court to have permitted the counsel to rectify the accidental omission and supply the proof, so we feel it our duty, after the motion has been overruled, and the fact necessary to be proved, has been supplied, to refuse a reversal on that ground. ,
Second. It is assigned for error that the Court erred in refusing to grant a new trial, because the verdict was against the evidence.
A quantum valebant count can not be sustained by proof of a sale at a price fixed by the agreement.
Indebitatus assumpsit will not lie upon a special contract, unless the payment was to he in money; and the pit f has performed or executed the agreement on his part, and the time of payment has arrived. But, if the contract was to pay in a bill or note due at a future day, and that day has passed, the ac* tion will lie.
Agreement for a sale of slaves— the seller to give a bill of sale with warranty; the buyer to accept a 4 months bill for the price; the slaves delivered, but the writings not made. If the writings were necessary to pass the title, according to the intention of the parties, and the buyer, notwithstanding the delivery, refused to complete the contract —then, as no title vested in him, indebitatus assumpsit would not lie against him for the price. But if the intention was that the verbal agreement should complete the sale, and pass the title — the seller would be without remedy, unless he could maintain some action. And the verdict of a jury, upon evidence which left the intention uncertain, should not'^be disturbed.
There seems to be a contrariety of evidence in relation to the soundness of the slaves, and it was the province of the jury to weigh it, and we should not disturb their verdict on this ground.
But it is clearly established that the plaintiff was to execute a bill of sale for the slaves, warranting their soundness, and there is no diversity or contradiction in the testimony upon this point; and no attempt is made to prove that the bill of sale was ever executed, or tendered, or its tender waived by the defendant, before this action was brought.
It is equally clear that the price was to be paid by the acceptance of a bill at four months, by Carson and his co-partners.
Now, the question arises, upon this state of proof, whether a recovery can be sustained upon either of the two general counts in the declaration.
It cannot be sustained on the quantum valebant count, because a certain price was agreed on. 1 Chitty, 338.
Nor will the indebitatus assumpsit lie upon a special contract, unless (1) the payment was to be made in money; (2) the plaintiff has performed or executed the contract on his part; (3) and the time of payment has arrived. 1 Chitty, 339, 340; Starkie's Evidence, part iv, 93, 96; Buller’s N. P. 139.
But, though the payment was to be made by the acceptance of a bill of exchange, payable at a future day, if the time has expired, as money is then due and payable, the action will lie. Starkie’s Evidence, part iv, 95-6; 1 Chitty, 332, 339.
But it is difficult, from the proof, to determine whether the title to the slaves passed, or was intended to pass, by parol agreement, or was to await and pass only by the execution of the writings spoken of, to wit, the bill of sale on the one side, and the acceptance of the bill on the other. The witnesses speak of a sale and *398 delivery of possession. But it may be that that which they denominate a sale, was only an agreement as to the terms^of what the contract should be when reduced to writing, and that it was not intended to be a contract, or£obligatory on the parties, except by writing. And the acceptance of possession may have been made in faith that the contract would be completed as agreed on.
Upon a sale of slaves at a fixed pnce, with an agreementto give with warranty— the seller, having delivered to give the warranty but remedy is by assumpsuit will not lie. produce it, or to show, with reasonable certainty, that he has lost the power of producing it, and how. But where he has never had the control of the writing, it will be sufficient to admit the parol pro of, if he shows, by satisfactory prima facie evidence, that it is not in his possession, nor subject to his control, nor to the process of the court. So— Where a defendant offered parol proof of a sale in Ken. by the plt’f to a stranger, and the witnesses stated that there was a bill of sale given, but that the purchaser had removed to Mo. and died, and there was nothing conducing to show that the def't could have produced the paper, it is held that the parol proof was admissible.
*398 If this be the proper interpretation of the proof, the title never vested in Carson; and, upon his refusal to complete the contract, an indebitatus assumpsit would,most certainly, not lie for the price.
But it may be that the sale was complete, and the title was intended to pass by the parol agreement, and the bill of sale was to be executed as an additional assurance and evidence of title, as well as of warranty of soundness. If so, as a part of the consideration of the defendant’s promise has been performed, and he may have received a partial benefit, the plaintiff would be without remedy, unless he could maintain an action in some form. 3 Dana, 356-7-8, and the authorities there referred to; 1 Saunders, 320, a, note 4. And the principle laid down in these authorities, although made to apply to covenants, applies with equal reason and force to parol contracts.
But as the jury has passed upon the case, if their verdict can be sustained in eitheir aspect of the proof,, it should not be disturbed, as it is certainly of doubtful interpretation.
But though, in the latter aspect of the case, if a specjai action of assumpsit would lie, averring a partial ....... . ° performance, we think indebitatus assumpsit will not.— The contract has not been executed or performed by the plaintiff, in full. And, according to the authorities be-f°re referred to, and to which there seems to be no exception, this must be shown. We are cognizant of no adjudged case where the -general count has been supported upon proof of a partial performance by the piaintin.
And in the action of covenant, a performance in part must be-averred in the declaration, or otherwise it must *399 appearEthat the defendant has received a partial benefit. 1 Saunders, 320, c, note 4; 1 Chitty, 314-16.
If this averment be necessary in covenant, it would seem to be equally proper in'an action on a special parol agreement, when a part only of the agreement, on the part of the plaintiff, has been performed.
It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be reversed, and the cause remanded, that a new trial may be granted, and that the plaintiff have leave to amend his declaration, if he aslc it, and further proceedings be had, not inconsistent with this opinion.