## Gordon v. Commonwealth.

(Decided January 3, 1912.)

## Appeal from Grant Circuit Court.

Criminal Law—Failure of Proof—Error in Refusing Peremptory—
When Not Ground for Reversal.—A judgment of conviction in a
criminal case will not be reversed for error of the trial court in
refusing a peremptory instruction, where the defendant, declining
to stand on his motion, introduces evidence supplying the neces-
sary facts which the Commonwealth omitted to prove.

M. D. GRAY for appellant.

C. C. ADAMS for Commonwealth.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

Henry Gordon was indicted by the grand jury of
Grant County for the offense of obtaining money under
false pretenses. He was convicted and given an indeter-
minate sentence in the penitentiary of from one to five
years. From the judgment of conviction he prosecutes
this appeal.

According to the evidence for the Commonwealth,
appellant applied to one J. W. Hall for a loan of three
dollars, and at the same time presented to him an order
on the C. N. O. & T. P. Railway Company for $12.00,
which he had previously signed. He told Hall he was
firing on the railroad; that he had made three round trips
to Danville and one trip to Blanchett on the commuter;
and that he needed some money as he couldn't get his
money until pay day. On the faith of his statement that
he had the money in the hands of the railroad company,
Hall let him have the three dollars. Appellant also told
Hall that when the check came, he would sign it and turn
it over to Hall who could take out of it whatever was com-
ing to him.

The local station agent and another employee testi-
fied that they did not think anything was coming to
Gordon, although they admitted on cross examination
that they had no personal knowledge of the matter.

By consent a letter from C. T. Crawford, an employe
of the Auditing Department of the Cincinnati, New Or-
leans and Texas Pacific Railway Company, addressed to

Mrs. Belle Gordon, was introduced and read as the record of Henry Gordon. From this letter it appeared that a check was drawn by the company in favor of H. Gardner for $1.68 for services as fireman for one trip from Williamstown to Cincinnati. This check should have been made out to H. Gordon. On May 3rd, appellant, H. Gordon, called at the railroad office in Cincinnati. A new check was issued to him. He then went to the office of the company's cashier and received the money on the check.

Hall never received anything on the order, nor did he receive anything out of the check or in any other way from appellant.

At the conclusion of the evidence for the Commonwealth, appellant asked for a peremptory instruction, but his motion was overruled. Appellant then took the the stand and testified that he went to work for the railroad company on March 11th. He worked all morning on the Hill engine, and in the evening went out on the Blanchett commuter. He made no arrangements as to wages, but the company told him he could run on the commuter, and as there was a strike on, he believed he would receive good wages. He got only $1.50 from Hall. Asked for the loan until his check came in. Never stated that the company owed him $12, but believed that he would have $10 or $12 coming to him when his check arrived. His check was first sent to Ludlow, then to Danville, and then back to Cincinnati. In company with Hall he went to the local agent to get the check. He admitted getting the check in Cincinnati, and his failure to turn it over, or pay any part of it to Hall, though he claims that this was due to the fact that a warrant of arrest had been issued for him. He also stated that he worked only one day for the railroad because the strikers would not let him work any longer. He further admitted that after his arrest, he broke jail and escaped.

The Commonwealth then introduced several witnesses who testified that appellant's reputation for veracity was bad. The court admonished the jury that such evidence was admissible only for the purpose of affecting appellant's credibility as a witness.

It is earnestly insisted that the court erred in failing to direct a verdict in appellant's favor. We think there was sufficient evidence of the representations made by appellant, but in order to make out a case against appellant it was incumbent on the Commonwealth to prove the

falsity of the representations. To do this it was necessary to show that appellant did not have the money in the hands of the railroad, and that the order was not good. In this respect there was a failure of proof, for the two witnesses who testified were unable to say that appellant had no funds in the hands of the railroad, and for aught the latter shows there may have been money due appellant for services other than those referred to in the letter. That being true, appellant was entitled to a peremptory. But instead of electing to stand on his motion, appellant went upon the stand and admitted that he worked for the railroad only one day, and that all he received or claimed for this service was $1.68. With this evidence in, it can not be said that there was not sufficient evidence to take the case to the jury. Notwithstanding this fact, it is contended that the judgment of conviction should be reversed. In civil cases we have uniformly held to the contrary. Thus in the early case of Clarke v. Castleman, 1 J. J. Marshall, 69, decided in the year 1829, this court in discussing a similar question, said:

"The next error assigned grows out of an exception to the opinion of the court in refusing to instruct the jury to find as in the case of a non-suit. From the evidence before the court at the time the instruction was asked for, and upon which it was predicated, we think the instruction ought to have been given; for at that time there was no evidence to show that Clarke had received due notice of the non-acceptance or non-payment of the bill by Fisher, or to account for the delay in having it protested. As the case then stood, the law would presume he had effects in the hands of Fisher. Therefore, he was entitled to notice and the exercise of proper diligence on the part of the payee. See Baxter v. Graves, 2 Marshall, 152. But the court having refused the instruction, the defendant below and plaintiff here introduced his proof, and has established by it to our satisfaction that he had no funds in the hands of Fisher, and no right to draw on him, and consequently that he was not entitled to notice and strict diligence from the payee. Laches in such a case will not be imputed to the holder of the bill, as the drawer can not be prejudiced thereby. Chitty on Bill, 257-8-9. By this proof introduced by the defendant below, we conceive the error of

the court in refusing to give the peremptory instruction asked has been cured, and that we ought not now to reverse a case in which it was shown before the trial was over, that the opinion of the court, though wrong at the time, has worked no injury to the party against whom it was pronounced.''

In the case of Carson v. Allen, 6 Dana, 396, the court said:

''It is evident from the further progress of the testimony that a negro woman and child were sold as described in the declaration; but that the witness inadvertently had spoken of the sale of the woman only, which had not been observed by the counsel for the plaintiff. If, therefore, it were admitted that the variance were material, we would not feel disposed to reverse the judgment on that ground. Justice should not be entangled by technical nicities, or a meritorious case lost by the casual omission of counsel or the inadvertency of witnesses. As it would have been allowable and proper in the exercise of a sound discretion after the motion was made, for the court to have permitted the counsel to rectify the accidental omission and supply the proof, so we feel it our duty, after the motion has been overruled, and the fact necessary to be proved has been supplied, to refuse a reversal on that ground.''

And in the case of Cincinnati, New Orleans & Texas Pacific Railway Co., &c. v. Cook's Admr., 24 Ky. Law Rep., 2152, the rule is thus stated:

''The rule is that where the defendant moves for a peremptory instruction at the conclusion of the plaintiff's evidence, and his motion being overruled, introduces his testimony, if that testimony supplies any fact or facts not shown by the evidence for the plaintiff, and thus makes out a case, this court will not reverse because these facts were not shown by the plaintiff before the motion for a peremptory instruction was made.''

We see no good reason why the same rule should not apply in a criminal case. From such a rule the innocent will have nothing to fear, while it may be the means of bringing to justice the guilty who would otherwise escape punishment.

Judgment affirmed.