## Interstate Coal Company v. Love, by, et al.

(Decided April 22, 1913).

### Appeal from Knox Circuit Court.

1. Contracts—Settlement of Claim for Personal Injuries to Infant—Consideration Paid to Father of Infant—Infant Not Bound by Such Contract.—Where the infant who received the personal injury was only seventeen years of age at the time he signed the writing, and the whole consideration was paid to the father, in an action by the infant for the recovery of damages, the trial court properly directed the jury that the infant was not bound by the contract, and not to consider the evidence which had been submitted on that question.

2. Personal Injuries—Injury to Infant—Payment to Father for Loss of Services—Action by Infant—Pleading.—The father to whom payment was made for loss of his infant son's services had a right of action for the injuries to the son, and the payment could only be properly pleaded in an action by him.

3. Personal Injuries—Negligence—Pleading.—In an action for damages for personal injuries where the plaintiff in an amended petition specifically reiterates and adopts all the allegations of his original pleading, the amendment must be treated as intended to perfect the original cause of action, and all evidence bearing upon any of the acts of negligence should be permitted to go to the jury.

4. Personal Injuries—Effort to Reach Place of Safety—Peremptory Instruction—Contributory Negligence.—One is fully justified in adopting such means as seemed to him at the time necessary to reach a place of safety, and it would be a harsh rule to say that one was guilty of contributory negligence in such a case, even though it afterwards developed that if he had remained in the supposed place of danger he would not have been injured.

5. Evidence—Evidence that is competent only for the purposes of contradiction and as bearing upon a witness' credibility, should not be permitted to be offered as substantive testimony.

BLACK, BLACK & OWENS for appellant.

SAWYER A. SMITH for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellant operates a coal mine in Knox County, and appellee, an infant, then seventeen years of age, employed by it, was in September, 1911, injured, and instituted this action for damages, alleging that his injury was caused by the negligence of appellant.

Appellee had at the time of the injury for some months been employed in certain minor capacities in the mine; and upon a few occasions while so employed, he had in the absence of the regular motorman, operated one of appellant's electric motor cars, which it used in the operation of its mines.

On the day of the accident the regular motorman of motor car number three, either having refused to further operate that car, or for some other reason not being in charge of it, the mine foreman directed appellee to take charge of it, run it through the mountain to the other side where appellant maintained a shop for the repair of its motors and cars, and there to have it examined, and if anything was wrong with it, to have it repaired, and then bring it back and go to work.

Following these instructions, appellee took the car through the mountain to the repair shops, and there the same was, as he says, examined, and he was told by the electrician in charge that there was nothing the matter with it, and to take it on back and go to work. He started back through the mountain operating the motor, two other workmen going with him; when they had gone some 400 or 500 yards, and while in the mine and running at a reasonable rate, there was a flash of fire at or near the motor, and near his feet, and a blaze emitted therefrom about three feet high which burned his clothes and legs. He attempted, as he says, to shut off the power with the controller, but was unable to do so, and he then undertook to reach up and pull down the pole connected with the overhead wire and shut off the power in that way, but was unable to do that; in reaching up for the pole, he knocked off his cap, and the light from his miner's

lamp was put out. He then undertook to jump out of the car, and in doing so his foot was caught between the rail and the wheel of the motor car and run over, and his heel was cut off, and badly mashed and crushed.

On the trial he was awarded a verdict of $1,250 in damages, and the company appeals.

Some two or three months after the accident, one of appellant's agents went to the home of appellee's father, and there entered into a written contract which was signed by the father, mother and the infant appellee, by the terms of which the company in consideration of $75 that day paid to the father released appellant from all further liability by reason of the injury.

The uncontradicted testimony showed that appellee was only seventeen years of age at the time he signed this writing, and that the whole consideration paid was to the father, and the court therefore properly directed the jury upon the trial that the infant was not bound by the contract, and not to consider the evidence which had been submitted on that question.

It is urged, however, by appellant that it should at least have been entitled to a credit on the judgment for the amount of this payment; but it is sufficient to say that there was no pleading justifying this, and not even an instruction offered on that subject. And besides, the father to whom the payment was made had a right of action against appellant for the loss of his infant son's services, and the money having been paid to him, this payment could only be properly pleaded in an action by him.

In his original petition appellee sets up the negligence upon which he relies for a recovery, as

(1) That he being an infant, and without experience in the use and operation of electric motor cars, it was the duty of the defendant's agents superior in authority to him to give him instructions relative to the use and operation thereof, and warn him of the danger incident to its operation, and that they failed to do either of these things; and

(2) That the wires and devices attached thereto for the purpose of transmitting the electric power necessary to its operation were worn by long usage, and were out of repair, and not in proper condition for operation, and therefore, it was dangerous to operate the car in that condition, and these facts were known to the Company, or should have been, and were unknown to the plaintiff;

and that it was negligence for the mine foreman knowing this condition of the car to direct him, an infant, not knowing its condition, to operate it.

In an amended petition appellee alleges that "plaintiff hereby reiterates and adopts all the statements in the original petition necessary to make this amendment complete, and says that all the injuries sued upon in the original petition were caused through and by the gross negligence and carelessness of the defendant, its agents, servants and employees, superior in authority, to this plaintiff in furnishing plaintiff with a car in which the motor was dangerous and unsafe, and in directing plaintiff to work at and on said car while the motor was in such an unsafe and dangerous condition as set out in the petition herein and such unsafe and dangerous condition was known to the defendant or could have been known to it by the exercise of ordinary care, and such unsafe and dangerous condition was not known to the plaintiff and could not have been known to him by the exercise of ordinary care."

It is insisted for appellant that the allegation in the amendment that all the injuries sued upon in the original petition were caused in the manner specifically set up in the amendment had the effect to withdraw all additional acts of negligence complained of in the original petition, and that appellee should have been confined on the trial to the introduction of evidence bearing only upon the specific charges of negligence set up in the amendment.

It is true that in actions for damges based upon the alleged negligence of the defendant where the plaintiff specifically in his pleading sets forth the negligence upon which he relies, he is confined to the negligence thus alleged, and evidence of any other negligence is inadmissible; (Burch v. Louisville Car Wheel & Ry. Supply Co. 146 Ky., 272; Lexington Ry. Co. v. Britton 130 Ky., 676; W. A. Gaines & Co. v. Johnson, 32 Rep., 58), but in this case it was clearly not the purpose of the plaintiff in filing his amendment to abandon any of the allegations of negligence in his original petition, for in the amendment he specifically reiterates and adopts all the allegations in the original pleading; and the amendment must therefore be treated as intended to perfect the original cause of action, and for that reason the lower court properly permitted to go to the jury, all evidence bearing upon any of the acts of negligence alleged.

The claim that the peremptory instruction should have been given because the uncontradicted evidence showed appellee was guilty of contributory negligence, and that he would not have been injured if he had held his place in the motor car and not jumped from it, cannot be sustained; the evidence shows that after the motor car was on fire he made two efforts in two different ways to shut off the power so as to stop the fire before he jumped, and only left the car after having made them.

It would be a harsh and most unreasonable rule to say that one was guilty of contributory negligence in such a case, and could not therefore recover, because he jumped from the car after he had failed to shut off the power and stop the fire, the fire at the time being three feet high, and burning him and his clothes, and almost flaring up in his face, even though it afterwards developed that if he had remained in the car the fire would have been extinguished, and he would not have been injured. He was fully justified in adopting such means as seemed to him at the time, under all the circumstances, necessary to reach a place of safety.

The witness, Hamilton, was introduced by appellant and testified the motor car was in good condition the day of the injury; on cross examination he was asked if he had not said shortly after the accident to the mine foreman that "Love had got hurt on that motor, and that he (Hamilton), wouldn't work it because he knew it would be burnt up or kill somebody," and he denied that he had made any such statement; thereupon the appellee recalled the foreman, and he was permitted to state that Hamilton had made such statement in substance, and the court failed to admonish the jury that this evidence was competent only for the purpose of contradiction. And the same thing in substance occurred with reference to some alleged statements of Hamilton to the father of appellee.

The alleged statement of Hamilton to the foreman was made some little time after the accident, and after he (Hamilton) had gone down into the mine to flag another motor to prevent a collision and had returned to the place of the accident, and was therefore not competent as part of the *res gestae;* and the alleged statement to appellee's father was made some weeks after the accident.

It was error for the court to permit these alleged statements of Hamilton to be proved by the other witnesses as substantive testimony; they were competent

only for the purposes of contradiction, and as bearing upon Hamilton's credibility.

The instructions are earnestly objected to by appellant, principally upon the ground that the first instruction is confusing and misleading, and fails to require that the injury should have been directly or approximately caused by the alleged negligence of appellant; and that the instruction fixing the measure of damages authorized a recovery by appellee in any amount which "will fairly and reasonably compensate him for the permanent injury of his heel," and does not limit his right of recovery to the reduction, if any, of his power to earn money.

It is sufficient to say that the objections to the instructions are well taken, and as there must be another trial of this case, it is unnecessary to go into detail as to the alleged objections, as we have deemed it proper to indicate the instructions which should be given upon another trial.

Upon a new trial the court should give the following instructions to-wit:

Gentlemen of the Jury:—

1. If you believe from the evidence that at the time of the injury complained of the plaintiff, Chester Love, was young and inexperienced in the work of operating an electric motor car, and that defendant, or its officers or agents superior in authority to plaintiff knew this and failed before placing him in charge thereof to instruct him in the use and operation of such electric motor car, and to warn him of the danger incident to the operation thereof, if any; or if you believe from the evidence that at the time of the injury the said motor car was not in a reasonably safe condition for operation, and that such condition was known to the defendant, or its officers and agents superior in authority to plaintiff, or could have been known to them by the exercise of ordinary care, and was not known to the plaintiff, and could not have been known to him by the exercise of ordinary care, and that the said officers or agents so knowing of the unsafe condition of the car, (if it was unsafe) directed plaintiff to use and operate the same and if you further believe that the plaintiff while exercising ordinary care for his own safety was injured in his heel or foot as a direct or proximate result of any such conduct or failure upon the part of defendants or its said officers and agents, then the

law is for the plaintiff, and you should so find; and unless you so believe, you should find for the defendant.

2. If you believe from the evidence that the plaintiff while so operating the motor car of defendant failed to use ordinary care for his own safety at the time and place of the injury, and that but for such failure he would not have been injured, you will find for the defendant.

3. "Ordinary care" as used herein means that degree of care which ordinarily prudent persons usually exercise for their own safety under like or similar circumstances; the absence of such care is negligence.

4. If you find for the plaintiff, you will find for him such sum as will fairly compensate him for the physical and mental suffering which he has endured or may hereafter endure directly caused by the injury, and for the reduction, if any, of his power to earn money directly caused by the injury, but not to exceed $2,000 in all.

For the reasons indicated the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.