## Palmer Hotel Company v. Renfro.

(Decided January 26, 1917.)

### Appeal from McCracken Circuit Court.

1. New Trial—Excessive Damages.—A new trial will not be granted on account of excessive damages, unless the damages allowed should be so considerable as to strike the mind at first blush as having been given under the influence of passion or prejudice.

2. New Trial—Newly Discovered Evidence.—A new trial will not be granted because of newly discovered testimony, where it is merely cumulative, unless it is such as is calculated to have a very decisive and preponderating influence upon the verdict.

WHEELER & HUGHES and BERRY & GRASSHAM for appellant.

BASKIN, DUFFIN, KINKEAD, SAPINSKY & DUFFIN and JOHN K. HENDRICK for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is an appeal from a judgment of the McCracken Circuit Court, in an action, wherein C. E. Renfro, the appellee, recovered of the appellant, Palmer Hotel Company, the sum of $2,500.00 in damages, which the appellee claimed to have sustained on account of personal injuries received by him, while riding in an elevator in the hotel of the appellant. The appellee claimed that while a guest at the hotel of appellant and having been assigned to a room upon the third floor of the hotel, he undertook to ascend to it, in the elevator from the first floor, when, on account of the defective and dangerous condition of the elevator and the insufficiency and defectiveness of the machinery, appliances and equipment of the elevator and the incompetency of the servant of the appellant, who was undertaking to operate the elevator, that the elevator, becoming unmanageable, descended with great force and velocity to the basement, a distance of more than fifty feet, and that by reason of the violence of the fall, he was greatly bruised, stunned, injured and strained, and the muscles and ligaments of his back lacerated and injured, and that since that time, which was the 18th day of May, 1916, he has been incapacitated from following his business, and permanently injured; that he had lost more than four months of time while confined to his home after the injury, and lost an employment, for which he

was receiving forty dollars per week and his expenses, and had paid and obligated himself to pay above five hundred dollars for the services of physicians and surgeons in undertaking to have himself restored to health.

The answer of the appellant traversed the allegations of the petition, and in addition thereto, set up and relied upon alleged negligence of appellee, which it was alleged contributed to his injuries.

The appellant's motion for a new trial having been overruled, it has appealed to this court and insists upon a reversal of the judgment upon two grounds: (1) Because the amount of the judgment is excessive; and, (2) because the court erred in refusing to give it a new trial on account of newly discovered evidence, which was set up in the affidavits of the manager of the appellant and the proposed new witness, and which accompanied the motion for a new trial.

(1) Under the instructions given by the court, there being a question as to whether the injuries received by appellee were or were not permanent, the court properly instructed the jury as to the measure of damages in the event it should be of the opinion from the evidence that the injury was permanent, and, also, the measure of damages, if the jury should be of the opinion, that the injury was not permanent. The jury was directed, that if the injuries received by appellee were permanent, it should find for him such a sum in damages as would fairly and reasonably compensate him for pain and suffering, mental and physical, which he had endured by reason of the injuries, and which it appeared, from the evidence, that he would thereafter endure, and for the permanent impairment of his power to earn money, together with any reasonable expense incurred by him for medical services, not to exceed the sum of five hundred dollars, on the item of medical services. The jury was further directed, that if the injuries sustained by appellee were not permanent, it should find for him such a sum, in damages, as would reasonably and fairly compensate him for the pain and suffering, mental and physical, which he had endured and which it was reasonably certain he would yet endure, and for the value of any time, which he had lost, not exceeding four months, and the reasonable expenses for medical services incurred by him, not to exceed five hundred dollars, on account of the item of medical services,

nor to exceed eight hundred and ninety-two dollars and fifty cents on account of the item for the value of lost time. The proof showed without contradiction, that he was receiving a salary at the time of his injury, which amounted in four months, to eight hundred and ninety-two dollars and fifty cents and that he lost that salary by reason of his injuries; that he paid fifteen dollars for medical services in Paducah, and had had the services of a physician in Louisville for several months after his injuries, and which the physician testified to be reasonably worth the sum of five hundred dollars. The value of his lost time and the expenses for medical services incurred by him amounted to the sum of about fourteen hundred dollars, which would leave the sum awarded to him for mental and physical suffering and pain, which he had endured as the direct and proximate result of the injuries, and which it was reasonably certain that he would endure after the trial, and the permanent impairment, if any, to earn money, at the sum of eleven hundred dollars. There was evidence before the jury to the effect, that his injuries were of a permanent character, or at least in all reasonable probability, it would be a number of years before he would finally recover, if at all. There was other testimony before the jury, which tended to prove that his injuries were not of a permanent character. The well known rule of this court is, that a new trial will not be granted because of excessive damages, unless the damages should be so considerable as to strike the mind at first blush as having been given under the influence of passion or prejudice. L. & N. R. R. Co. v. Fox, 11 Bush. 495; L. & N. R. R. Co. v. Long, 94 Ky. 410; Shirley v. Billings, 8 Bush. 147; M. & L. R. R. Co. v. Herrick, 13 Bush. 122; L. & N. R. R. Co. v. Mitchell, 87 Ky. 327; L. & N. R. R. Co. v. Pedigo, 129 Ky. 664; L. & I. R. R. Co. v. Roemele, 157 Ky. 84; L. & N. R. R. Co. v. Smith, 84 S. W. 755. Whether the injury is or is not permanent, there was proof tending to show that the appellee was subjected to a great deal of both mental and physical suffering, and which had continued for a very considerable length of time, and at the time of the trial, which was about six months after the date of his injury, he yet had not recovered his ability to work, nor was he able to exert such activities of body as he was capable of before his injury. The evidence, if believed by the jury, was amply suffi-

cient to sustain its finding, and is not such a finding as indicates that it was superinduced by passion or prejudice.

(2) The newly discovered evidence relied upon is the proposed evidence of one, Musselman, and the manager of the appellant files his own affidavit, in which he states such facts as would reasonably meet the requirements of the law as to the diligence used in discovering the evidence of Musselman, and the fact that he was not learned of until after the trial. Without entering into a particular statement of the facts, which it is claimed can be proved by Musselman, suffice it to say, that his evidence does not disclose anything, which was not testified to by two witnesses for appellant, and is, therefore, merely cumulative of the evidence heard upon the trial. A new trial will not be granted on account of newly discovered evidence, which is merely cumulative. This has been said so often that it is not necessary to cite any authorities in support of the rule. There are, however, some exceptions to this rule, and such an exception exists, if the newly discovered evidence, although cumulative, is of such a conclusive or decisive character or of such a controlling character that it would probably change the verdict of a jury in the case. Owsley v. Owsley, 117 Ky. 47; Adams Oil Co. v. Stout, 41 S. W. 563; Torain v. Terrill, 122 Ky. 745; Price's Admr. v. Thompson, 84 Ky. 224. A new trial will not be given on account of any newly discovered evidence, unless the proposed new evidence is of such a permanent and unerring character as to preponderate greatly and to have a decisive influence upon the evidence to be affected by it. Finley v. Tyler, 3 Mon. 400; Mud River Coal Co. v. Tipton, 12 R. 940; Fleet v. Hollenkamp, 13 B. M. 219; Allen v. Perry, 6 Bush. 85; Bramel v. Clark, 6 R. 220; Hicks v. Deposit Bank of Glasgow, 12 R. 605; Swartz v. McMahon, 14 R. 1301; Shely v. Shely, 47 S. W. 1071. The evidence of the newly discovered witness, in the instant case, pertains only to what occurred in the elevator, and goes to the extent only of tending to disprove the contention of appellee, as to the severity of the fall of the elevator. He would, also, state that no one was thrown down by reason of the sudden contact of the elevator with the floor of the basement. It is almost conceded in the evidence, that the machinery in the elevator was de-

fective and out of repair, and had been so for as much as two months, theretofore, resulting frequently in its hanging up between the floors of the building, and becoming unmanageable, and these facts were obliged to have been known by the management of the appellant. The evidence, further, shows almost without contradiction, that the boy assigned to operate the elevator, was incompetent for the task. The witness, Musselman, himself, according to his affidavit, would prove that he, the appellee, and two ladies started to ascend in the elevator from the first floor, he desiring to go to the fourth floor, while the ladies desired to stop at the second, and the appellee at the third; that the elevator was not stopped at either the second or third floor, but went up and stopped between the third and fourth floor; that when it was attempted to descend with it to the third and the second floor, it could not be stopped at either of these places, but descended until within four or five feet of the lower floor, when it stopped, for a little while and then suddenly dropped down into the basement. The appellee did not claim that he was thrown down by the contact of the elevator with the floor of the basement, but that he was thrown forward, possibly upon one knee, but caught and sustained himself against the sides of the elevator. The evidence of Musselman could not assist the appellant in avoiding the evidence, which went to prove its negligence in failing to use the necessary care to furnish a reasonably safe elevator, nor could it assist it in disproving the fact, that the elevator, contrary to the wishes of the operator, descended from near the fourth floor into the basement, or that the contact with the basement floor produced a jerk, as Musselman states, that it produced a slight jerk. Musselman could prove nothing in regard to whether appellee sustained injuries or not, as he had never seen him before and has never seen him since. Hence, it does not appear, that, if his evidence was before the jury, that it would have either a preponderating or decisive influence upon the result, and the trial court did not abuse its discretion in overruling the motion for a new trial.

The judgment is, therefore, affirmed.