## Louisville & Nashville Railroad Company v. Minnix.

(Decided March 21, 1924.)

### Appeal from Simpson Circuit Court.

1. Carriers—Carrier Liable for Injury to Passenger Entering Waiting Room Two Hours Before Train Time.—A carrier permitting unguarded hole to exist in floor of waiting room in course of repair was liable to an intending passenger who went to the waiting room two hours before her train was due, unless she was guilty of contributory negligence.

2. Carriers—Duty to Maintain Depot in Safe Condition Not Confined to Passengers.—The duty of a railroad company to use ordinary care to maintain its depot and premises in a reasonably safe condition is not confined to actual passengers, but applies to all who use the premises in response to the company's invitation, or come there to attend to legitimate business with the company's agent.

3. Carriers—Whether Intending Passenger Falling Through Hole in Floor Negligent Held for the Jury.—Whether an intending passenger was guilty of contributory negligence in stepping into a hole in the floor in a waiting room in course of being repaired held for the jury.

4. Damages Instruction on Measure of Damages for Injuries Erroneous as Furnishing no Guide.—In an action for injuries, it was re-

versible error to instruct that the measure of damages, if any, was such a sum as would reasonably and fairly compensate plaintiff for the permanent injury; the instruction furnishing no guide for determining the amount of damages that should be assessed.

5. Damages—Measure for Permanent Injuries.—For a permanent personal injury, the measure of damages is a sum reasonably sufficient to compensate plaintiff for his physical and mental suffering, and for permanent reduction of his power to earn money.

WOODWARD & WARFIELD, RODES &. HARLIN and C. B. MOORE for appellant.

LAWRENCE B. FINN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Prior to January 25, 1921, Mrs. Emma E. Minnix had purchased from the Louisville & Nashville Railroad Company a six months' family ticket which entitled her to ride on its trains between Franklin and Bowling Green. On that day she made a trip from Franklin to Bowling Green for the purpose of being treated by Dr. Lord. After the treatment she returned to the railroad depot in Bowling Green about two hours before her train was due to depart. At that time carpenters were engaged in repairing the building and had cut a hole through the ladies' waiting room floor so that they could go below to do their work. The room was about twenty by twenty feet, with doors opening to the east and west. The ticket offices were on the north side, and the hole was about the center of the south side next to the wall. It was a bad, rainy day, and rather dark in the room. When Mrs. Minnix entered the room there was a crowd standing around the stove, and she started to go to the other side. In doing so she fell into the hole and received injuries, for which she recovered in this action a judgment for $3,000.00. The railroad company asks a reversal on several grounds.

(1) It is insisted that appellant was under no duty to maintain its waiting room in a reasonably safe condition for appellee. The basis of this contention is that section 784, Kentucky Statutes, merely requires a railroad company to keep its ticket office and waiting room open thirty minutes immediately preceding the scheduled time of departure of regular passenger trains, that Mrs. Minnix arrived at the station almost two hours before the

departure of her train, and that being true, she was a mere licensee who took the premises as she found them. It is true that in Illinois Central R. R. Co. v. Laloge, 109 Ky. 896, 69 S. W. 795, we held that an intending passenger who went to the station more than thirty minutes before the time for the departure of her train did not occupy the position of a passenger so as to impose on the company the duty of protecting her against assault by two disorderly youths, and that in L. & N. R. R. Co. v. Bays' Admr., 142 Ky. 400, 134 S. W. 450, we held that one who had arrived at a station and was using the company's tracks more than two hours after his arrival was no longer a passenger. However, there is a wide difference between those cases and this. The duty of a railroad company to use ordinary care to maintain its depot and premises in a reasonably safe condition is not confined to those who are actual passengers, but applies to all who use the premises in response to the company's invitation, or come there for the purpose of attending to legitimate business with the company's agent. 4 R. C. L. 641; L. & N. R. Co. v. Schneider, 174 Ky. 727, 192 S. W. 834. Mrs. Minnix went to the station to become a passenger on one of the company's trains. The waiting room was open. This was an invitation to enter. She entered and was injured by reason of the hole in the floor, and there can be no doubt of the company's liability unless she was guilty of contributory negligence, which, we conclude, was a question for the jury.

The complaint of the instruction on the measure of damages presents a more serious question. The instruction is as follows:

"If the jury shall find for the plaintiff under instruction No. 1, the measure of damages, if any, is such a sum as will reasonably and fairly compensate plaintiff for the permanent injury, if any, for the mental and physical pain and suffering, if any, which were or may be a direct and proximate result of said injuries so sustained, if any, by her; and such additional sum or sums, if any, as was incurred or expended by plaintiff for medicines, doctors' bills and nurse hire, not exceeding $250.00, the amount claimed therefor, and not exceeding in all $15,000.00, the amount sued for."

It will be observed that the instruction provides that if the jury shall find for the plaintiff under instruction No. 1 "the measure of damages, if any, is such a sum as will reasonably and fairly compensate the plaintiff for the permanent injury." It furnishes no guide for determining the amount of damages that should be assessed. Such an instruction has been frequently condemned by this court. Weil v. Hagan, 161 Ky. 292, 170 S. W. 618 and cases cited. For a permanent injury the measure of damages is a sum reasonably sufficient to compensate plaintiff for his physical and mental suffering, and for the permanent reduction of his power to earn money.

We find no other error in the record.

Judgment reversed and cause remanded for a new trial consistent with this opinion.