## Carrs Fork Coal Company, et al. v. Smith.

(Decided April 26, 1927.)

### Appeal from Perry Circuit Court.

1. Railroads.—In action by pedestrian against coal company operating motorcar for injuries resulting from collision, evidence of negligence held for jury.
2. Railroads.—Where one operating motorcar discovered pedestrian on track in time to have stopped car by use of means at his command so as to prevent injury, question whether pedestrian injured was licensee or trespasser became immaterial.
3. Trial.—Where, after defendant's motion for peremptory instructions is overruled, his own testimony supplies fact or facts not shown by plaintiff's evidence, and thus makes case for plaintiff, order denying peremptory instruction will not be reversed because plaintiff's evidence was insufficient.
4. Damages.—Where injuries suffered by plaintiff were only of temporary nature no recovery could be had for impairment of power to earn money.
5. Damages.—Where the injuries are temporary, the time lost from gainful occupations must be pleaded as special damages.

6. Damages.—Where special damages were not pleaded, damages recoverable were only such as would fairly compensate plaintiff for mental and physical pain and suffering which jury might believe were or would be proximate result of injuries received.

7. Railroads.—Where operator of motorcar saw pedestrian on track in time to stop car by use of means at his command, operator owed pedestrian duty to use ordinary care to prevent injury, regardless of whether pedestrian was trespasser or licensee.

J. W. CRAFT for appellants.

EVERSOLE & TURNER and SOUTH STRONG for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Appellee recovered judgment for $1,000 in the Perry circuit court for personal injuries found by the jury to have resulted from the negligence of appellants. Hence the appeal.

It is insisted that the trial court erred in overruling the motion of appellants for a directed verdict and in instructing the jury. To the first contention but little need be said. Appellee was injured while walking on a railroad track owned by appellant Carrs Fork Coal Company when she was struck by a motor-driven hand car (so described for the sake of clearness) owned by it and being operated by appellant Troy B. Campbell, one of its employees. Appellee and two little girls, Dorothy Mullins and Marjorie Martin, were walking along the railroad track going to the commissary owned and operated by appellant coal company. The motorcar driven by appellant Campbell approached them from the rear. They were just passing under or had just passed under the coal company's tipple, which was in operation. Shortly before the car struck appellant the two little girls heard it approaching and left the track and were not injured. Appellee, who was walking between them and in the center of the track, did not hear it, and, without knowing that it was approaching, was struck, run over and painfully injured. Appellant Campbell testified that he saw appellee on the track when about 120 feet distant from her; that he was driving the motorcar at 15 or 20 miles per hour; that he could have stopped it in 50 or 60 feet; and his failure to do so is explained in his testimony thus:

"The car kept going on slowly, slowing down until I got in about 40 feet of them, either 30 or 40

feet, and I was afraid I was going to hit her; then I applied all the brakes I had, and tried to stop the car, and it was almost stopped when I hit her. Would not had to gone more than 6 or 7 more feet until it did stop, but it did hit her.''

He explained previously that when he first discovered appellee on the track he shut off the power, and that the car ran under its own momentum up to the point covered by his answer quoted above. He did not attempt to stop the car by the use of brakes sooner. His thought was that appellee would hear his car approaching and leave the track. That she did not hear the car approaching doubtless is accounted for by the fact that she was so close to the tipple, which was in operation, that its noise was greater than that of the approaching motorcar.

Much of the testimony was devoted to establishing the fact that appellant's railroad track was used by a sufficient number of people each day to impose a lookout duty, and much of the testimony for appellants was offered to disprove that fact and to establish that a public highway ran parallel to the railroad track, and that appellee was a trespasser. In view of the testimony from appellant Campbell, an employee of appellant coal company, who was operating the motorcar, that he discovered appellee in her position of peril in time to have stopped the car by the use of the means at his command so as to prevent injury to her, the question whether appellee was a licensee or trespasser would seem to be entirely immaterial.

The record does not sustain appellant's contention that there was no evidence that the motorcar which struck appellee, or the railroad track on which she was injured, belonged to appellant coal company. That such was the fact is certainly to be found in the testimony introduced in behalf of appellants.

Where the defendant moves for a peremptory instruction at the conclusion of plaintiff's evidence and his motion is overruled, and he then introduces his testimony, if it supplies any fact or facts not shown by the evidence for the plaintiff and thus makes a case, this court will not reverse because these facts were not shown by the plaintiff before the motion for a peremptory instruction was made. See C., N. O. T. P. Ry. Co. v. Cook's Adm'r, 73 S. W. 765, 24 Ky. Law Rep. 2152; Gordon v. Commonwealth, 146 Ky. 61, 141 S. W. 1186. For these

reasons appellants' contention that the trial court erred in refusing the peremptory instruction offered in their favor cannot be sustained.

It is insisted for appellants that instruction No. 4 submitting the measure of damages to the jury was errorous. It reads:

"If you find for plaintiff, then you will give to her such a sum in damages as will reasonably and fairly compensate her, according to the evidence, for the physical pain and mental anguish, if any, which she has already suffered and for the physical pain and mental anguish, if any, which it is reasonably certain from all the evidence she will hereafter suffer, and for any lessening or diminution of her power to earn money, if any, which it is reasonably certain has come to her, or will come to her since the date of the filing of the petition herein, September 29, 1925, not exceeding in all ten thousand dollars ($10,000), the amount claimed in the petition."

This instruction appears to be erroneous in that in finding for appellee the jury was not confined to compensation for the mental and physical pain and suffering endured by her which the jury believed from the evidence were or would be the proximate result of her injuries.

Appellants insist also that there was no evidence authorizing the submission to the jury, as an element of damages, diminution of her power to earn money, for the reason that there was no evidence that appellee received permanent injuries. Our careful consideration of the record leads to the conclusion that this position is well taken. Appellee's injuries consisted of cuts and bruises alone. No bones were broken. Several physicians examined her and testified herein, and they all agree that she suffered no permanent injury as a result of the accident. Her testimony conduces to establish that her most serious injury was a cut on the head. It appears to have healed completely. While she testified that she yet suffers pain in the injured regions, there is nothing from her testimony to indicate permanent injuries. Unless there is evidence of permanent injury it is error to authorize the jury to compensate for impairment of the power to earn money. Where the injuries are temporary the time lost from gainful occupations must be pleaded as special damages, which was not done in this case.

The jury should have been instructed that if they found for plaintiff to find for her such a sum in damages as would fairly compensate her for any mental and physical pain and suffering which she had endured or was reasonably certain to endure, which they might believe from the evidence were or would be the proximate result of her injuries received when struck by the motorcar mentioned in the evidence. See L. N. R. R. Co. v. Johnson, 214 Ky. 189, 282 S. W 1087; Palmer Hotel Co. v. Renfro, 173 Ky. 447, 191 S. W. 271; L. & N. R. R. Co. v. Ashley, 169 Ky. 330, 183 S. W. 921, L. R. A. 1916E, 763; Forgy v. Rutledge, 167 Ky. 182, 180 S. W. 90, and the cases therein cited.

In view of the evidence hereinbefore discussed, upon another trial the question whether appellee was a licensee and whether appellants owed her a lookout duty need not be submitted to the jury; and the jury will be instructed that if they believe from the evidence that Campbell, in charge of the coal company's motorcar, after discovering appellee's peril, failed to use ordinary care by the use of the means at his command to prevent injury to her, to find for appellee. This instruction, together with its converse and the instruction given on contributory negligence, which appears to be correct, and the instruction on the measure of damages indicated herein, will properly submit the issue hereof to the jury.

For the reasons indicated, the judgment is reversed and cause remanded for proceedings not inconsistent herewith.