# Consolidated Coach Corporation v. Wright.

## Same v. Burge.

(Decided November 26, 1929.)

714

KEENON & HUGUELET, TODD & BEARD and GARDNER K. BYERS for appellant.

ED G. HILL; GILBERT, PICKETT & MATTHEWS, EUGENE ATTKISSON and BARRICKMAN & KALTENBACHER for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming as to first mentioned judgment and reversing as to the last mentioned judgment.

The appellee Mrs. W. T. Wright sued the appellant, Consolidated Coach Corporation, for damages arising from personal injuries sustained while its passenger. The corporation filed a cross-petition against the appellee Walter Burge, alleging that through the negligence of his agent he was responsible for any damage which plaintiff may have sustained. A demurrer to this cross-petition as amended was sustained, and it was dismissed over appellant's objection. Mrs. Wright recovered a judgment for $7,500 against the corporation. From these two judgments these appeals are prosecuted on the same record and will be disposed of in one opinion.

## Consolidated Coach Corporation v. Wright.

Mrs. Wright, on December 17 1927, boarded a bus of appellant corporation at a point west of Versailles for transportation to Shelbyville. At a point about 8 miles east of Shelbyville a road known as "Buzzard Roost Turnpike" intersected the highway leading to Shelbyville. The testimony of Mrs. Wright is, in substance, that the bus went around a curve about 300 yards from this point and she saw ahead a truck loaded with baled hay moving in the same direction. The bus was going at the rate of 45 miles an hour and continued the speed down the hill. The driver of the bus did not slacken his speed nor blow his horn or otherwise give a signal of his approach to or intention of passing this truck. Just as he came up behind it and undertook to pass the truck turned to the left, and the driver of the bus suddenly applied the brakes, and, in trying to pull around the truck, ran the bus off the road and against a tree or stump, throwing her to the floor and under a seat of the car and injuring her. The driver of the truck, Stanley

Burge, testified that he intended to turn to his left and go out the Buzzards Roost road, and, since he could not see back of him, he stopped the truck, got out of it into the road and looked back up the hill, and there was no car in sight. He immediately returned to the seat of his truck, held out his hand as a signal of his intention to turn, which he at once did. When he got about two-thirds across the road he heard the whistle of the bus, and in a second the front wheel of his car was struck by the bus which turned it straight ahead. The bus went off the pike about 10 feet to the left and struck a tree.

The driver of the bus testified that he was 100 or 125 yards away, driving about 30 miles an hour when he first saw this truck from the top of the hill; that the truck was standing still on the right side of the road. He sounded his horn some distance away and continued to do so as he approached and brought his bus under control, reducing the speed to about 18 miles an hour. Just as he undertook to go around the truck, without any signal being given, it turned directly in front of him. He applied his brakes and undertook to avoid striking the truck, but slightly struck its front wheel and ran his bus off the side of the road 12 or 14 feet against a stump or tree in his effort to do so. Several passengers on the bus fully corroborate and sustain the evidence of the driver as to how the accident occurred, and say the passengers were not thrown out of their seats. There is no corroboration of the testimony of Mrs. Wright as to how the accident occurred, except by the driver of the hay truck.

It is insisted by the appellant that under the evidence it was entitled to a peremptory instruction. While the evidence of negligence on its part is meager, the court is of the opinion that it was sufficient to take the case to the jury.

It is contended that the court erred in permitting Mrs. Wright to testify that 300 yards away the bus was being driven at the rate of 45 miles an hour, basing this contention upon Stevens v. Potter, 209 Ky. 705, 273 S. W. 470, which held that it was not error to exclude evidence that a quarter of a mile away from the scene of the accident a car was being driven at a high rate of speed. The facts of the two cases are different. In this instance Mrs. Wright testified that this speed was maintained right up to the place of the accident, while in the Stevens case there was nothing to show that the

716

speed was maintained nearer the point of the accident, and hence the fact was no logical or relevant evidence of the speed there.

Errors in the admission of evidence especially respecting the form of hypothetical questions submitted by plaintiff's counsel are suggested; but the court is of the opinion that no substantial error was committed in this regard.

Criticism is also made of the instructions given by the court and its failure to give those offered by the defendant. The instructions fairly submitted the issues and were as favorable to the defendant as the case justified, with the exception of instruction No. 2 regarding the measure of damages. This instruction, offered by the plaintiff, was given over the objection of the defendant. It authorized the jury in the usual form to award such sum in damages as they believe would fairly compensate plaintiff for her pain and suffering, both past and future: "for any *impairment of her health,* if any;" and for physician services and similar expenses necessarily incurred, as well as for damage to her clothing. Excepting the authority to award compensation for any impairment of the plaintiff's health, the instructions are correct; but that measure and element of damage is clearly erroneous.

An instruction authorizing damages for " 'permanent impairment of his (plaintiff's) health and strength, and for 'diminution of his power to earn money' " was condemned in L. & E. Ry. Co. v. Crawford, 155 Ky. 723, 160 S. W. 267, 270; and a similar one in City of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888, 891. As said in that case: "The permanent impairment of her power to earn money is the result of the permanent impairment of her health, and to permit a recovery for the latter as well as the former would be to authorize the jury to award her double damages, for her permanent injury. This the law does not contemplate."

In Interstate Coal Company v. Love, 153 Ky. 328, 155 S. W. 746, 748, an instruction permitted recovery of an amount which "will fairly and reasonably compensate him for the permanent injury of his heel." It was held improper. Likewise, in Lexington Ry. Co. v. Herring, 96 S. W. 558, 562, 29 Ky. Law Rep. 794, an instruction telling the jury that in estimating the injury done to plaintiff they should allow compensation for mental and physical pain, "and such further sum as will fairly com-

pensate her for the loss of her foot," was held to be error. An instruction in South Covington & Cincinnati Street Ry. Co. v. Nelson, 89 S. W. 200, 28 Ky. Law Rep. 287, permitted the jury to take into consideration in arriving at the amount of damages to be awarded nervous and physical shock, loss of memory, impairment of eyesight, headaches and "permanent disability." For this error the judgment was reversed. It is true in some of these cases the specific elements of damage were mentioned in addition to the impairment of plaintiff's power to earn money. Here the permanent impairment of health may be considered to include pain and suffering, which element was also incorporated in the instruction given. It is therefore subject to the same criticism, and to that extent justifies appellant's claim that the instruction authorized double damages. If it be considered as not including that element, then it is altogether the wrong measure of damages for permanent injuries.

The correct criterion for damages for permanent injuries as universally declared is the permanent impairment or diminution of the injured person's earning ability or power. Broadway Coal Mining Company v. Robinson, 150 Ky. 707, 150 S. W. 1000; Palmer Hotel Company v. Renfro, 173 Ky. 447, 191 S. W. 271, (to cite two of many cases). And this is the basis of recovery, even though it be not shown that plaintiff has in the past earned anything or been engaged in a remunerative or compensable pursuit. L. & N. R. Co. v. Dick, 78 S. W. 914, 25 Ky. Law Rep. 1831; Moore v. Hart, 171 Ky. 725, 188 S. W. 861. The phrase "permanent impairment of her health" can hardly be said to be synonymous with "impairment of her earning power."

If the injuries are not permanent, then the damages (other than those specially pleaded) are limited to pain and suffering, past and future, as was provided in the instruction given. L. & N. R. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757; Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. (2d) 768.

The defendant argues that the instruction is erroneous because it permits recovery for both permanent injury and future pain and suffering. That is not error, however, for compensation is recoverable for both pain and suffering and the permanent impairment of earning power. C. & O. R. R. Co. v. Johnson, 145 Ky. 481, 140 S. W. 687; L. & N. R. Co. v. Minnix, 202 Ky. 472, 260 S. W. 15.

For this error in the instruction the court is constrained to reverse the judgment awarded the appellee Mrs. Wright.

Other grounds relied on for a reversal of the judgment are failure of the court to grant a continuance of the trial, that the verdict is not sustained by the law and the evidence, and the award of excessive damages. It becomes unnecessary to consider these, and we refrain from expressing any opinion respecting them.

## Consolidated Coach Corporation v. Burge.

At the time the appellant, Consolidated Coach Corporation, filed answer to the petition of Mrs. Wright, it filed a cross-petition against the appellee Warren Burge. This referred to the action filed by Mrs. Wright for damages sustained by her in the collision between its bus and the truck belonging to Warren Burge and which was at the time being driven by his agent, Stanley Burge. It charged that the collision was due to the gross negligence of Burge and his agent, and prayed that Burge be made a party defendant in the suit of Mrs. Wright and for judgment against him for contribution in any sum for which she might obtain judgment against the corporation and its costs.

It is said in the brief that, after judgment was obtained by Mrs. Wright against the corporation, it filed an amended cross-petition against Burge setting out that fact and that the judgment had been superseded; also claiming damages against Burge for $1,300, which it was compelled to and did pay to various unnamed persons who were in its bus at the time of its collision, and the further sum of $1,000 for damages to its motor-bus. But the record does not disclose any such amended cross-petition, and we must try the case on the record.

Special and general demurrers were filed to the cross-petition, and, on the day on which Mrs. Wright's case was called for trial, the special demurrer was sustained and the corporation declining to plead further its cross petition was at that time dismissed.

The appellant insists that it had a cause of action for contribution against Burge whether it be on the theory that he, through his agent, was more culpable in bringing about the damages—as held in United States Casualty Co. v. C. N. O. & T. P. Ry. Co., 218 Ky. 455, 291 S. W. 709—or, if in pari delicto, under the statute.

The Legislature in 1926 changed the common-law rule as to contributions between wrongdoers by enacting the following statute, now incorporated in our compila- tion as section 484a:

"That contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude." Ky. Stats. Supp. 1928.

We do not find it necessary to construe that act or to say whether or not appellant's cross-petition stated a cause of action, for we are of the opinion that the court properly sustained the special demurrer on the ground that Mrs. Wright was entitled to have her suit tried with- out it becoming involved in the cross-action between these parties, and that Burge likewise had the right to have the issues between the Coach Corporation and him- self litigated independent of the other action. Wells v. Boyd, 1 Duv. 367; Nahm & Friedman v. Register News- paper Co., 120 Ky. 485, 87 S. W. 296, 27 Ky. Law Rep. 887, 9 Ann. Cas. 209.

In M. Livingston & Co. v. Philley, 155 Ky. 224, 159 S. W. 665, a suit for personal injuries was instituted against both the city of Paducah and M. Livingston & Co., as joint tort-feasors. Livingston & Co. made its answer a cross-petition against the city, charging that its negligence was the proximate cause of the accident and prayed judgment over against the city for any amount for which it might be held liable to the plaintiff. A demurrer was sustained to this cross-petition. There was a verdict against Livingston & Co. and in favor of the city. After referring to the general common-law rule denying contribution between joint tort-feasors, it is said:

"It is true it has been held that one who is not primarily liable, but has been made answerable for the wrongful acts of another, may recover the amount he has been compelled to pay. Blocker v. Owensboro, 129 Ky. 75, 110 S. W. 369, 33 Ky. Law Rep. 478; Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888. But when the plaintiff sues two alleged wrongdoers, neither of them can in that action file a cross-petition against the other, when he has paid nothing, for the plaintiff is entitled to try out his action without its being encumbered with the contro-

720

versy between the two defendants. If one of them who is not primarily liable has anything to pay under the judgment, he may, after paying it, bring his action against the other to recover what he has paid; but he cannot sue until he has paid the judgment. Until he has suffered a loss, he has no cause of action which a common-law court can enforce. The circuit court therefore properly sustained the demurrer to the cross-petition.''

The cross-petition was demurrable also because it did not show that the petitioner had paid or satisfied any claim arising from the charges against it. M. Livingston & Co. v. Philley, supra; Louisville Gas & Electric Company v. Beaucond, 188 Ky. 725, 224 S. W. 179. There must have been a satisfaction of the judgment before suit can be entertained, as the right of contribution or indemnity rests on the theory of an implied contract and is enforced accordingly. 13 C. J. 832; 6 R. C. L. 1059. The right of contribution accrues at the time of payment. 6 R. C. L. 1045. The wisdom of this rule is demonstrated by the developments of the instant case in which the judgment forming the basis of the claim for indemnity or contribution is being reversed, and for the present, at least, the appellant is released from the obligation for which it sought to hold the appellee Burge liable.

The judgment is therefore affirmed in this case, and, as heretofore stated, that obtained by Mrs. Wright against the appellant is reversed.