**JACKSON & CHURCH DIVISION, YORK–SHIPLEY, INC., Appellant,**

v.

**Croslin MILLER, d/b/a Miller Plumbing & Heating Company et al., Appellees.**

Court of Appeals of Kentucky.

May 5, 1967.

Earle T. Shoup, Paducah, for appellant.

John C. Lovett, Richard H. Lewis, Benton, George R. Effinger, Paducah, for appellees.

MILLIKEN, Judge.

This is an appeal from a final order under CR 54.02 which dismissed the third-party complaint filed by the Jackson & Church Division, York-Shipley, Inc., impleading other party defendants in an action brought against it and the Hoe Supply Company by the Trustees of the Benton Church of Christ for smoke damage allegedly caused the Church by a defective or defectively installed furnace part. The Hoe Supply Company had supplied the defective part which was manufactured by the Jackson & Church Division, according to the complaint. The third-party complaint of Jackson & Church sought to implead as third-party defendants the appellees, Miller Plumbing & Heating Company and Minneapolis-Honeywell Regulator Company, Inc., or Honeywell, Inc., as installer and manufacturer, respectively, of the al-

legedly defective part. This is an appeal from the order dismissing the third-party complaint.

The dismissal was based expressly and solely on the ground that the defendant as third-party plaintiff could not bring joint tort-feasors into the action for the purpose of contribution or indemnity prior to the time a judgment was rendered against the defendant and it had satisfied the judgment. Consolidated Coach Corporation v. Wright, 231 Ky. 713, 22 S.W.2d 108 (1929); Brown Hotel Company v. Pittsburgh Fuel Company, 311 Ky. 396, 224 S.W.2d 165 (1949); Campbellsville Lumber Company v. Lawrence, Ky., 268 S.W.2d 655 (1954).

The Rules of Civil Procedure became effective subsequent to the trials of the above cases and now provide in CR 14.01 that "a defendant may move for leave as a third-party plaintiff to assert a claim against a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." CR 14.01.

Rule 14.01 is similar to Federal Rule 14(a), and the latter has been interpreted to permit the filing of a third-party complaint in such a situation as is here presented. Jeub v. B/G Foods, Inc. (D.C. Minn.1942), 2 F.R.D. 238; Greenleaf v. Huntington & Broad Top Mountain Railroad & Coal Co. (E.D.Pa.1942), 3 F.R.D. 24; Vaughn v. Terminal Transport Co., Inc., (E.D.Tenn.1957), 162 F.Supp. 647; Bosin v. Minneapolis, St. Paul & Sault Ste. Marie R. Co. (E.D.Wis.1960), 183 F.Supp. 820; Huggins v. Graves (E.D. Tenn.1962), 210 F.Supp. 98. Also see Moore's Federal Practice, Second Edition, Sections 14.08, 14.11; Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A., notes of decisions 31–46; 11 A.L.R.2d 228.

According to Moore's Federal Practice, Second Edition, third-party practice, or impleader, is a relatively recent procedural device in many American jurisdictions, but its roots go deep in the common law and had come to be a recognized part of American procedure in several states before the adoption of the Federal Rules in 1938. (Moore, pages 431–491). "The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence; to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against a third-party defendant." (Moore, Sec. 14.04, page 501.) He states that " * * * from the very first, the granting of the motion to implead an additional party was considered to rest in the sound discretion of the court. In exercising its power of discretion the court could bear in mind the purpose of Rule 14 to avoid circuity of action and to settle related matters in one litigation as far as practicable * * *. The court could properly deny impleader when it would introduce an unrelated controversy or unduly complicate the case to the prejudice of the plaintiff." (Moore, pages 503–505.)

■ In reversing the present judgment we do so because the trial court declared that its order "is not entered in the exercise of any discretion," but is posited expressly and solely on the premise, as a matter of substantive law, that a party defendant cannot base a third-party complaint on a prospective claim for indemnity or contribution, but must wait until he has satisfied a judgment rendered against him, then sue for indemnity or contribution. Consolidated Coach Corporation v. Wright, 231 Ky. 713, 22 S.W.2d 108 (1929) and other cases of similar import. What we are trying to make clear is that CR 14 provides procedural machinery for determining in one action whether a right to contribution or indemnity may prove to exist, and it does not change the substantive law on the subject. There can be no actual

recovery of contribution or indemnity until there is a paid judgment to be contributed to or indemnified against.

We consequently refer the case to the trial court for the exercise of its sound discretion in determining whether permitting the impleading of other parties would avoid circuity of action and facilitate the settlement of related claims in one lawsuit as far as practicable without unduly complicating the case to the prejudice of a party. In other words, the trial court should permit the impleading of other parties in such a situation unless it concludes that doing so would so complicate the lawsuit that it would tend to prejudice the rights of any of the litigants. In Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137 (1965), we discussed some of the trial problems when the rule is applied.

The judgment is reversed.

All concur.

OSBORNE, J., not sitting.