CASE 33—PETITION EQUITY—NOVEMBER 5.

# Posey v. Green.

### APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

1. When the allegations of a pleading are so indefinite that the precise nature of the claim or defense is not apparent, the objection to the pleading must be by motion to make more definite, under section 134 of Civil Code, and not by demurrer.   By failing to so move, the objection is waived.

2. The description of the land adjudged to be sold was sufficient.   The commissioner's report describes the land by metes and bounds, and the judgment refers to his report for a description.   The land was thus sufficiently identified to locate it.

MESSRS. VANCE & CLAY FOR APPELLANT.

1. The reply of the appellee states nothing distinctly.   It fails to allege the debt or debts upon which the $1,000 was to be credited.   No rejoinder to it was necessary, because it was indefinite, and pointed to nothing with any certainty.

2. No description of the land is given in the judgment, as required by repeated decisions of this court.   (Ross v. Adams, 13 Bush, 370.)

Posey v. Green.

W. LINDSAY FOR APPELLEE.

1. The reply of the appellee makes affirmative and material allegations to which the appellant failed to make rejoinder, and therefore they must be taken as true. (Civil Code, sec. 126.)

2. The description of the land adjudged to be sold is sufficient. No ruling of this court has ever been made that the omission to describe the land in the judgment is a reversible error.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This action was instituted by appellee against appellant upon a note for $3,940.89, secured by a lien on a house and lot in Henderson, Kentucky. Appellant answered, claiming that the note was entitled to a credit of $1,000, the purchase price of certain personal property sold by appellant to appellee, and setting up an agreement with appellee to that effect. To this answer appellee made reply in the following language:

"Plaintiff denies that such agreement was ever made or assented to by him, or that he, Green, made any further agreement than that the $1,000, the value of the personal property referred to, should be and become a credit on defendant's, Thos. Posey's, general indebtedness to him, Green. For the plaintiff alleges that said Posey owed him several other debts in addition to the note sued on, and by said Posey's express direction and request the said debts were to be extinguished by the use of the $1,000, referred to, before applying any part of said $1,000 as a credit on the note sued on." He further states that he cannot determine how much if any will remain to be credited on the note sued on; that a suit was then pending against him by F. W. Posey to recover the sum of $1,200, which he, Green, had assumed to pay for appellant, Thos. Posey, and that if he is compelled to pay that sum, nothing would remain to be credited on the note sued on. To this reply appellant did not rejoin,

and upon a trial on the merits, in which evidence was heard. as to the amount of the indebtedness of appellant to appellee, and as to the nature of the claim of F. W. Posey, judgment was rendered in favor of appellee for the full amount of the note sued on, and for a sale of the house and lot, or so much of it as might be found necessary to pay the debt.

The first question is as to the sufficiency of the reply, and. as to whether a rejoinder was necessary on the part of appellant.

Section 126 of the Civil Code requires that every material allegation of a pleading, not specifically traversed, must be taken as true; and section 134 provides, that "if the allegation of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

Section 92 is as follows: "A special demurrer is an objection to a pleading which shows—

"1. That the court has no jurisdiction of the defendant, or of the subject of the action; or,

"2. That the plaintiff has not legal capacity to sue; or,

"3. That another action is pending, in this state, between the same parties, for the same cause; or,

"4. That there is a defect of parties, plaintiff or defendant. Either of said grounds of objection, shown to exist by a pleading, is waived, unless distinctly specified by a demurrer thereto, except the objection to the jurisdiction of the court of the subject of the action, which objection is not waived by failing so to make it; but a party failing so to make it when or before he files a pleading, other than a demurrer, is. liable for all costs resulting from such failure."

"Sec. 93. A general demurrer is an objection to a pleading, because it does not state facts sufficient to constitute a cause of action or a defense; or, because it does not state facts sufficient to support a cause of action or a defense."

The complaint here is that the reply does not specifically set forth in detail the nature of the general indebtedness referred to, and it is claimed for appellant that it was therefore unnecessary to traverse any of the allegations as to the agreement attempted to be set up by appellee. This will depend upon the question whether the allegations of the reply are material, and not as to whether they are defectively stated. If it appear from the reply that the facts imperfectly set up are material and would constitute a substantive defense if properly pleaded, we are of the opinion that appellant has, by failing to move that the court cause the allegations to be made more definite, and by going to trial without objection and as if an issue had been formed on these allegations, waived his right to object to the mere form of the pleading.

Mr. Pomeroy, in his work on Remedies and Remedial Rights, section 596, states the rule as follows: "If the defect is one merely of form; if the denials, for example, although sufficiently addressed to the plaintiff's allegations to indicate the intended issues, are so formally defective that it is a question whether the denial or denials attempted to be made do in fact accomplish the purpose for which they were designed; or if the averments of new matter in some sort embrace or refer to facts which, if properly pleaded, would amount to a defense or a counter-claim, but are stated in such an uncertain, ambiguous, inferential manner, that it is a question whether they can avail to the defendant, in such cases it is settled that the demurrer is not the proper mode of reaching the defect. Instead of the special demurrer, the

Codes have substituted the motion to make the pleading more definite and certain."

The general demurrer under the Code is the same as that under the common law system of procedure, and reaches only matters of substance. The reply in this case is in substance good, and, if defective, is only so in form, and as the special demurrers provided for in section 92 of the Code do not reach the formal defect complained of, resort can be had only to the 134th section above quoted. Appellant having neglected to avail himself of that provision of the Code, has waived his right to object to the sufficiency of the reply. He has not, in any way, been misled to his prejudice. To say the most that can be said, he has relied upon the idea that there was no substantive allegation of fact that required to be traversed. He definitely understood that appellee held, and so charged, that there was an agreement by which the thousand dollars due to appellant for the personal property was to be credited on the general indebtedness of appellant to appellee, and, failing to rejoin, he admitted the agreement as charged, leaving open only the question as to whether that indebtedness was sufficient to absorb the whole of the thousand dollars. Upon this issue the court below must have held that the whole of the thousand dollars was consumed in paying the general indebtedness that appellee had assumed to pay, and the evidence justifies the finding.

By the power of attorney from appellant to appellee, dated October 20th, 1876, appellee was empowered to sell the crop of corn raised by appellant, and directed, out of the proceeds, to pay, first, the rent of the farm; second, $1,200 to F. W. Posey; thirdly, taxes on the house and lot in Henderson; and fourth, the remainder was to be applied on the note sued on. It appears from the deposition of appellee

that the net proceeds of the crop was $1,602.09, and that after paying the rent ($1,000) there remained only the sum of $602.09; and that after paying the other indebtedness of appellant to appellee, including the taxes, and in case appellee should be compelled to pay the $1,200 to F. W. Posey, there would remain nothing to be credited on the note sued on. It also appears that there was then a suit pending by F. W. Posey against appellee to recover the $1,200, and that appellee was holding the remainder of the proceeds of the corn, to-wit: $602.09, which had been paid into court to meet in part that claim. The court below may have held, as it doubtless did, that as appellee was liable to F. W. Posey for the whole of the $1,200, that that claim, together with the other indebtedness of appellant to appellee, would more than consume the proceeds of the corn and of the other personal property, and leave nothing to be credited on the note sued on. Such a finding we think was justified by the evidence, and as the assumption to pay the $1,200 to F. W. Posey was prior to the agreement between appellant and appellee, that the $1,000, proceeds of the personal property, should go in discharge of the general indebtedness of appellant to appellee, it was proper to consider the assumption to F. W. Posey as a part of the general indebtedness to which the $1,000 was to be first applied. In any event appellant was liable to appellee for the whole of the several sums, not liquidated by the sale of the corn or of the other personal property, and it does not appear that appellant will be prejudiced by being compelled to allow the credits to go upon this general indebtedness, especially as the evidence tends to show that F. W. Posey had released the appellant from the payment of the $1,200, and was looking alone to appellee.

The description of the land sold, we think, was sufficient. It was described by metes and bounds both in the petition and in the judgment. The complaint, however, appears to be that, after the commissioner had reported that the lot could be divided and had reported the division, the court, in directing the lot to be sold or so much thereof as would pay the debt, did not designate the boundary of the divisions made by the commissioner, but contented itself with referring in the decree to the commissioner's report for this information. The land was sufficiently identified to enable the commissioner to locate it, and as the whole of it was sold to pay the debt and there is nothing to show that appellant was prejudiced by the failure to give a fuller description, the judgment will not be disturbed for that reason.

Judgment affirmed.