R. S. HAZELWOOD'S ADM'R v. E. HAMILTON.

**Sale of Real Estate in Gross.**

    A contract for the sale of real estate is to be construed as other contracts, and when one sells his farm and in the contract sets forth the abuttals, and specifies the consideration to be paid, but no statement as to the number of acres to be conveyed, the sale will carry the farm whether it contains a lesser or greater number of acres it was understood to contain by the parties.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 2, 1879.

OPINION BY JUDGE HINES:

The pleadings sufficiently present the issue as to whether the land was sold by abuttals and in gross, or by the acre. When there is a substantial tender of an issue, and it is clear from the record that the parties understood the issue in the same way, we will not inquire, after the trial, whether it might have been presented in a better manner. All formal objections to pleadings that do not reach back to nor affect the merits should be made in the earlier

stages of the case, and in the manner provided in the Code. *Posey v. Green,* 78 Ky. 162.

A contract for the sale of land is like any other contract. The meeting of the minds of the parties is essential, and their intention is to be gathered, as in any other case, from what was said and done, and from all the circumstances surrounding the parties and the subject-matter of the contract.

The title bond is the best evidence of the contract made between the parties, and unless mistake or fraud in its execution can be shown it must determine the rights of the parties. The language of the bond is: "I have this day sold to said Hamilton my farm lying on the banks of Green river." The bond then sets forth the abuttals, specifies the amount to be paid, but nothing is said as to the number of acres. The vendor was familiar with the boundary of the land, which before the purchase was pointed out to the vendee, and the evidence tends to show that Hamilton desired to have the land run off, not being willing to take it as containing 110 acres, while the vendor, Hazelwood, was willing that the whole boundary should go for the agreed consideration of $4,500.

If there was any palpable mistake as to the quantity of land, it is immaterial whether the contract was a sale in gross or by the acre. In any event the chancellor should relieve against such mistake. But the only direct evidence that there was a mistake is the fact that the land when surveyed contained 134 acres, and the evidence tends to show that the vendor thought the tract contained only 110 acres. The evidence does not make it clear, however, that either the vendor or vendee proceeded upon the idea that there was only 110 acres embraced in the boundary; the weight of it seems to be that both vendor and vendee were willing to risk the quantity, and that the one sold and the other bought the land embraced within the boundary set forth in the bond.

We feel that we ought not to disturb the finding of the court below unless we were reasonably well satisfied that it is erroneous, and not being so satisfied the judgment must be *affirmed.*

*W. N. Sweeney, for appellant.  Owen & Ellis, for appellee.*