BANK OF COLUMBIA *v.* W. P. D. BUSH.

[Abstract Kentucky Law Reporter, Vol. 3—692.]

**Objection to Sufficiency of Petition Waived.**

Where a petition on a written contract does not positively aver a promise, but such a promise is inferentially averred, and no motion to make it more specific is made, it will be held sufficient after answer. The filing of the answer waives the error.

**Waiver by Consent Judgment.**

Where a judgment abating an action is set aside, except as to costs, by consent of the parties, for the purpose of trying the issue presented by another paragraph of the complaint, the judgment for costs, which was allowed to stand, is in effect a consent judgment; and to hold the demurrer to the answer sufficient would to be set aside that consent, which will not be done on behalf of one consenting thereto.

**Assignment of errors.**

Assignments of error not embraced in the grounds for a new trial will not be considered on appeal.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 23, 1882.

OPINION BY JUDGE HINES:

Appellant sued appellee upon a note to which two defenses were interposed: First, the pendency of another suit against appellee for the same cause of action; second, a release by appellant, upon the condition that appellee would assume and discharge certain debts, and an averment that appellee had assumed and discharged the debts. To the answer a demurrer was filed and overruled, and after exhibition of the record of the suit pleaded in abatement, it was adjudged that this action be abated. Subsequently it was agreed that the judgment abating the action, except as to costs, should be set aside in order that the issue tendered on the second count in the answer might be adjudicated. The main issue there tendered was of fraud in the obtention of the release, and upon this issue the jury found for the appellee.

It is contended for appellant that the court erred in overruling the demurrer to the answer, and upon the part of ap-

pellee it is contended, first, that whatever defect there may be in the answer it was waived by the consent order setting aside the judgment abating the action, and, second, that the petition is defective in not alleging a promise to pay on the part of appellee, that the demurrer to the answer should have been held to relate back to the petition, and that it should have been declared insufficient.

The petition substantially avers a cause of action, and the answer substantially sets forth a defense, but neither the petition nor the answer is technically accurate because some of the statements in each are not positive or specific averments of some of the facts necessary to make out the cause of action or the defense. For instance, there is no direct and full averment in the petition of a promise to pay; but it is inferentially averred, and if not taken advantage of by a motion to make more specific, would be sufficient to support a judgment after answer, which would not be the case if there were an entire failure to allege a cause of action. While the defendant may have been required to state specifically what debts he had assumed to pay in consideration of his release from the debt sued on, the general averment in reference to this was sufficient unless taken advantage of by motion to make more specific, as required by Myers' Code (1867), § 161. *Posey v. Green*, 78 Ky. 162. The defects complained of could not be reached by general demurrer, which would go as a failure to allege a cause of action or a defense, and not to the manner of alleging either. But any defect short of that to be reached by general demurrrer as stated was waived by the consent order. The judgment abating the action was only set aside in part (allowing the judgment for costs to stand), and that for the express purpose of trying the issue presented in the second paragraph of the answer, and was a waiver of any error of the court committed prior thereto. The judgment for cost, which was allowed to stand, was in effect a consent judgment, and to hold the demurrer to the answer sufficient (even if it had been specific) would be to set aside that consent, which would not be done on behalf of one consenting thereto. *Duncan v. Louisville*, 13 Bush (Ky.) 378, 26 Am. Rep. 201; *Boner v. Smith*, 7 T. B. Mon. (Ky.) 378.

The assignment of error that the court refused to allow

the filing of an amended petition is not available, first, because as this proceeding was under the old code appellant could have availed himself on trial of all the matters set up in the amendment, as all the material averments of the answer were to be taken as controverted; and, second, because the record of the previous suit, which was considered by the court in passing upon the motion to file the amendment, is not copied in the record. In addition to this the consent order referred to above was a waiver of this objection.

The third to the sixth assignments of error were not embraced in the grounds for a new trial, and will not, therefore, be considered. The seventh assignment is too general, as it does not indicate the instructions, to the giving or refusing of which appellant objects. We need not pass upon the point made by appellee, that there is technically no bill of evidence in the record, for a careful reading of what purports to be the evidence heard in the case convinces us that the defense set up in the second paragraph is fully sustained, and that on this evidence the judgment could not have been other than it is.

Judgment *affirmed.*

*Alexander, Baker & Reid, for appellant.*

*W. P. D. Bush, for appellee.*