SAMUEL A. MILLER *v.* McCRORY, WHITE & CO. ET AL.

[Kentucky Law Reporter, Vol. 3—774.]

**Motion to Make Pleading More Specific.**

Where a defect in a pleading is not a failure to state a cause of action or a defense, but in stating a good cause of action and a good defense in an improper manner, such defects must be reached by motion to make more specific and not by a demurrer.

**Mechanics' Liens.**

Laborers, mechanics and material-men, under the provisions of the Act of 1876, are entitled to liens on a building erected or repaired by them or for which they furnished the labor or materials; and where a mortgage is executed after the date of said act the parties to it must be held to have contracted with reference thereto; and such mortgage is second to such liens.

**Foreclosure of Mortgage.**

A stipulation in a mortgage that the debt should become due, on the failure of the mortgagor to keep up the insurance or to pay rent, is legitimate, and a violation of such stipulation will entitle the mortgagee to proceed to enforce his demand.

**Proof in Action on Attachment Bond.**

In an action on an attachment bond, the inquiry is as to whether the attachment was wrongfully obtained, and in proving such fact an order dismissing an attachment is prima facie evidence of its wrongful obtention; and if the suit is terminated by a finding in favor of the defendant, on an issue as to the truth of the facts alleged as ground for attachment, the judgment will conclusively establish that the attachment was wrongfully obtained.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 11, 1882.

OPINION BY JUDGE HINES:

The first question to be considered is as to the sufficiency of the pleadings. It is insisted that neither the petition nor the

answer is good. Technically they are not, but the petition sub-
stantially sets forth a cause of action, and the answer states a
substantial defense. The defect is not a failure to state a cause
of action or a defense, but in stating a good cause of action, and
a good defense in an imperfect manner. Such defects must be
reached by motion to make more specific and not by general de-
murrer. *Posey v. Green,* 78 Ky. 162. The objection on the part
of the cross-appellants that the court struck out a portion of the
answer will not avail for reversal, because it does not appear to
have been prejudicial to cross-appellants. The pleadings as
they now stand present all the issues in an intelligent and effec-
tual manner for the determination of the rights of the parties.
The objection by appellant to the refusal of the court to allow
the filing of the supplemental petition is not available. The work
caused to be done by appellant in completing the mantles, and
thereby increasing their value, was done without the sanction of
the court, in whose charge the property then was. The ameliora-
tion was for appellant's benefit, and having been done without
authority from the court, which might have been obtained, there
was no abuse of discretion in refusing to allow the filing of a
pleading setting up claim for moneys so expended.

As to the question of fraud in obtaining the mortgages, we
think the evidence amply supports the finding of the court be-
low, to the effect that there was no fraud in their obtention and
that they are founded upon a valuable consideration. We have
read with great care the voluminous testimony, and have no
doubt that the articles of agreement for the partnership between
McCrory, White and Charles Miller were understandingly en-
tered into, and that the first mortgage was made in pursuance to
the agreement for the partnership previously entered into.

There was no error in discharging the attachment. The evi-
dence is not sufficient to sustain it upon any of the grounds al-
leged in the petition. Nor was there any error in adjudging
against appellees $728.08 instead of $853.80, the amount stated in
the mortgage, for the evidence is sufficient to establish that the
difference between these sums had been paid to appellant.

The court properly adjudged that the laborers, mechanics and
material-men held the first lien on the property covered by the
mortgages. The mortgages were executed after the passage of

the act of 1876, giving a lien in such cases to such persons, and the appellant must be held to have contracted with reference thereto. The case of *Goodnight v. Adsitt* has no application to this state of facts, and as to this case the act of 1876 is not unconstitutional.

But the court erred in so much of its judgment as dismissed that portion of appellant's petition which sought a foreclosure of the mortgage for $1,000. The stipulation in the mortgage that the debt should become due, on the failure of appellees to pay the rent or to keep up the insurance, is legitimate, and a violation of this agreement, which is shown by the evidence, entitles appellant to proceed immediately to enforce his demand. The rulings of the court in sustaining exceptions to depositions, where wrong, were not prejudicial to appellant, and will not, therefore, entitle him to have such rulings reversed.

The court did not err in ordering a sale of the attached property during the litigation. If it appeared to the court, as we must presume it did, that by reason of the cost of keeping the property it was to the interest of the litigants to sell, the subsequent speculative advance in the value of that character of property will not invalidate the order.

Nor was there any error in failing to expressly adjudge in terms that the order of attachment was wrongfully obtained. That is a matter properly to be determined in an action upon the attachment bond. In such an action the inquiry is as to whether the attachment was wrongfully obtained, and in the establishment of that fact ordinarily an order dismissing an attachment is *prima facie* evidence of its wrongful obtention; and if the suit was terminated by a finding in favor of the defendant, on an issue as to the truth of the facts alleged as the ground for the attachment, then the judgment would conclusively establish that the attachment was wrongfully obtained. Drake on Attachments (4th ed) § 173.

For the error in dismissing so much of appellant's petition as sought to enforce the mortgage for $1,000, or for the amount due thereon, the judgment is *reversed* but *affirmed* in every other particular, both on the appeal and on the cross-appeal of McCrory, White & Co.

*John R. M. Polk, A. M. Gazlay, for appellant.*

*John Mason Brown, R. H. Blain, for appellees.*