## Louisville & Nashville Railroad Company v. Schneider.

(Decided March 20, 1917.)

### Appeal from Rockcastle Circuit Court.

1. Railroads—Right of Way—Trespassers.—As a general rule, the railroad track and right of way, except at public crossings or at public streets and highways, are exclusively railroad property, and all persons who go upon the tracks cr right of way, except at such places, without the express or implied invitation of the company so to do, are trespassers, or licensees, and the company is under no duty or obligation to keep the premises in a safe condition for such use.

2. Railroads—Use of Tracks by Public—Notice.—The exception to the above rule, that it is the duty of the railroad company, in the movement of its trains, to take notice of the general and habitual use that the public makes of its tracks and premises, at certain places, and to take care not to harm them by failure to keep a lookout and give timely warning of the movement of its trains, has no application to mere passive acts of negligence, such as where a licensee falls into a pit or excavation made by the company for use in the conduct of its business.

3. Railroads—Use of Premises by Public—Duty of Railroad in Respect to.—A person who goes upon the premises of the railroad company which, although not part of the depot property, are used by the public, with the knowledge and consent of the company, as an approach to its depot, is not a trespasser, or mere licensee, and, his going thereon being at the express or implied invitation of the company, it must keep the places to which he is thus invited, in a reasonably safe condition for such use

4. **Railroads—Use of Right of Way by Public—Personal Injuries.** —Plaintiff, while walking upon a part of the railroad company's right of way, in the night time, at a point off of the depot premises and not at a public crossing or highway, fell into a ditch which had been excavated by the company for the purpose of putting a drain under its tracks. Held, that the plaintiff could recover from the company only if that place was used by the public as an approach to the depot, with the company's knowledge and consent, and appellee was so using it at the time of the accident, on business with the company.

5. **Railroads—Personal Injuries—Instruction.**—An instruction which authorized a finding against the railroad company, if the presence of persons on the right of way, at the place of the accident, was reasonably to be anticipated, and placing upon the company the duty to keep such place in a reasonably safe condition for use by pedestrians, without regard to whether or not the premises were used as an approach to the depot on business with the company, held to be erroneous.

6. **Trial.**—Both parties to a suit have the right to have their sides of the case properly presented to the jury.

7. **Railroads—Right of Way—Obstructions.**—In guarding an excavation in its right of way, the railroad company is only required to use such means as are reasonably sufficient to warn pedestrians of the danger, and an instruction which specifies the means, by requiring the place to be guarded by lights or other signals, is erroneous.

8. **Trial—Impairment of Earning Power—Instructions.**—Where an instruction authorizes an award for impairment of ability to earn money, it should indicate to the jury that an award for impairment of ability to earn money should begin where an award for lost time, if any, ends.

9. **Pleading—Evidence.**—An allegation that plaintiff's bowels were injured, in the absence of a motion to make more definite and certain, held to authorize the admission of evidence of a hernia.

10. **Damages—Personal Injuries—Loss of Profits.**—Lost profits are not an element of damage in an action for injury to the person.

11. **Pleading—Demurrer.**—The proper manner in which to rid the pleading of such allegation is by motion to strike, rather than by demurrer.

BENJAMIN D. WARFIELD, JOHN W. BROWN and C. C. WILLIAMS for appellant.

E. R. GENTRY and P. J. ZISCH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The tracks of the Louisville & Nashville Railroad Company, the main track and a side track, pass through Brodhead, in Rockcastle county, a city of the sixth class,

in almost a due north and south direction. The main street of the town crosses the railroad track about two hundred feet north of the company's passenger and freight depot, which is on the west side of the track, and nearest the sidetracks, the main track being the eastern track. The platform maintained by the company is on the eastern side of both of these tracks, the opposite side from the depot, and the northern end of the platform is some thirty or forty feet south of Main street. From the northern end of the platform to Main street, the company maintains a walkway of gravel and cinders, and in the space between the two tracks, from the depot to Main street, the ground is also kept level and covered with gravel and cinders; and the evidence shows conclusively that, for more than thirty years, the general public has used the two tracks, the space between the tracks, and the walkway east of the tracks, as a passway leading from Main street to the company's station and platform; but the accident complained of did not occur on this portion of defendant's premises. There is also some evidence, that the portion of the company's right of way west of its tracks, and between its depot and Main street, has also been used, to some extent, in the same way and for the same purpose, but there is evidence to the contrary; so that, upon the question of the right of the public to use the company's right of way west of its tracks, where the accident complained of herein happened, and to which the evidence should have been confined, as an approach to its depot, upon an implied invitation of the company so to do, at the time of the accident, was an issue of fact, and the principal fact in issue in the case.

The injuries complained of were sustained by appellee, at about 10:30 p. m., August 11th, 1915. Appellee, a stranger in Brodhead, had a candy concession at a fair, to be held at Brodhead, August 11th, 12th, and 13th, and had arrived in the town, near midnight of August 10th, and had stayed, that night, at a hotel nearly opposite the company's depot. He had spent most of the day of August 11th, at the fair grounds, and, that night, had gone to a show of some kind in the town, after which, he states, he started down Main street, to go to the depot to ascertain whether or not some freight or express for which he was looking had arrived, although, at that time, the freight and express offices were not open, and no

trains were due to arrive at the depot. When he reached the company's right of way, he turned off Main street, toward the depot, and, at a point about ten or twelve feet south of Main street, and about two feet west of the western end of the ties of the sidetrack, fell into an open ditch, which had recently been excavated for the purpose of putting a concrete drain under the railroad track.

In this action to recover for the injuries thus sustained, alleging the accident occurred upon a public passway, leading from Main street to the company's depot, over its right of way, used by the public, with the knowledge and consent of the company, for more than twenty years, as a matter of right, a verdict was rendered in his behalf, for the sum of $700.00, and, the company's motion and grounds for a new trial having been overruled, it is prosecuting this appeal, to reverse the judgment, upon the grounds, that its motion for a peremptory instruction should have been sustained; that the court erred in the instructions given, over objections and exceptions of appellant, and in refusing offered instructions; that the verdict is flagrantly against the evidence; that it is excessive, and that the court erred in the admission of evidence.

All of these objections, except as to the admission of evidence and the size of the verdict, depend upon the duty appellant owed appellee, at the time and place of the accident, appellant contending that appellee was a trespasser, or, at most, a mere licensee, to whom it owed no duty, while appellee contends that, at the time and place of the accident, he was upon appellant's right of way at the implied invitation of appellant, and that appellant was under a duty to him, to maintain the place where the accident occurred, in a reasonably safe condition for his use.

As a general rule, the railroad track and right of way, except at public crossings or at public streets and highways, are exclusively railroad property, and all persons who go upon the tracks or right of way, except at such places, without the express or implied invitation so to do, are trespassers or licensees, and must take such premises as they find them, and the company is under no duty or obligation to keep the premises in a safe condition for such use. Johnson v. Paducah Laundry Co., 122 Ky. 369; Indian Refining Co. v. Moberly, 134 Ky. 822; L. & N. R. R. Co. v. Hobbs, 155 Ky. 130; L. & N.

R. R. Co. v. Marlow, 169 Ky. 140; Fox v. Warner-Quinlan Asphalt Co., 204 N. Y. 240; Evansville & Terra Haute R. Co. v. Griffin, 100 Ind. 221; Means v. So. Cal. Ry. Co., 144 Cal. 473.

This rule, however, is subject to an exception, that it is the duty of railroad companies, in the movement of their trains, to take notice of the general and habitual use that the public makes of their tracks and premises, at certain places, and to take care not to harm them by the failure to keep a lookout and give timely warning of the movement of their trains. Southern Railway Co. in Kentucky v. Sanders, 145 Ky. 679, and many other cases cited by appellee; but these cases are not in point here, as appellee was not injured by any positive act of negligence in the operation of trains. As stated by this court, in the Hobbs case:

"There is quite a difference between affirmative or positive acts of negligence springing from a failure to discharge a duty in the operation of trains and mere passive or negative acts of negligence that grow out of the failure to protect against dangers that may befall a licensee who walks or falls into a pit or excavation that the company has made for use in the conduct of its business."

A person is not a trespasser or a mere licensee, however, who goes upon the station premises, or approaches thereto, upon business connected with the railroad company. In such cases, his going thereon is held to be by the express or implied invitation of the railroad company, and the company must keep the places to which he is thus invited, in a reasonably safe condition for such use. Southern Ry. Co. in Ky. v. Goddard, 121 Ky. 567; Shelby v. Cincinnati, &c. R. Co., 85 Ky. 224; Cooley on Torts, 604; Elliott on Railroads, sec. 1248.

From the above, it is apparent that appellant is liable to appellee, for negligence in failing to keep the place on its right of way where the accident occurred, which is not a part of the depot premises, in a reasonably safe condition for travel by appellee and the general public, only if that place was used as an approach to the depot, with the company's consent or acquiescence, and appellee was so using it, at the time of the accident, on business connected with the railroad company.

As to the right of the public, to so use the space between the two tracks, and the walkway east of the tracks.

there can be no doubt, because the railroad company, by preparing those approaches to its station for such use, had extended to the public an invitation to use those parts of its right of way in approaching its depot; but as heretofore stated, the evidence is conflicting, as to whether there was an implied invitation for use of the right of way west of its tracks, where the accident occurred, and that question should have been submitted to the jury in both instruction No. 1, which authorized a finding for the plaintiff, and in instruction No. 2, which authorized a finding for the defendant.

In our judgment, this proposition was not correctly submitted by the court, in instruction No. 1, and it was not submitted at all in instruction No. 2. These instructions are as follows:

"No. 1.    The court instructs the jury that if you believe from the evidence that the tracks, right of way and other premises of the defendant railway company, were habitually used by the public at or about the place, and at or near the time that plaintiff was injured, if he was injured, and the presence of persons on the tracks, right of way, or premises at such time and place was reasonably to be expected, then it was the duty of the defendant, L. & N. R. R. Co., to keep said tracks, right of way and premises in a reasonably safe condition for use by pedestrians, and if you shall believe from the evidence that at the time mentioned in the petition the tracks, right of way or premises were not in a reasonably safe condition for use by pedestrians, but were in a dangerous condition by reason of a ditch or excavation dug across said right of way and premises, and the company or any of its officers or agents knew thereof, or could have known by the exercise of ordinary care, and that the plaintiff fell into that ditch or excavation, and received the injuries of which he complains, then the law is for the plaintiff and you will so find, unless you shall further believe from the evidence that at the time of the injury the defendant had guarded the approach to said ditch, or warned pedestrians of the dangerous condition of same by lights, or other signals.

"No. 2.    But if you shall believe from the evidence that the tracks, right of way and premises at the place indicated were not in a dangerous condition, but were in a reasonably safe condition for use by pedes-

trians, then the law is for the defendant, and you should so find."

It will be noticed that, in instruction No. 1, upon this question, the court authorized a finding for the plaintiff, if the place where the accident occurred was habitually used by the public, to such an extent that the presence of persons on the right of way, at that place, was reasonably to be anticipated by the company even though as mere licensees, and placed upon the railroad company the duty to keep such place in a reasonably safe condition for use by pedestrians, without regard to whether or not the premises were used, at that place, as an approach to the depot premises, on business with the company. As above indicated, appellant's duty to keep its premises, at the place of the accident, in a reasonably safe condition for travel by pedestrians, depended not upon the mere use by the public, in a general way, but upon such use as an approach to the depot premises, on business with the company, to such an extent, and under such conditions, as would imply an invitation by the railroad company for such use. It is only to maintain a lookout, to avoid injury in the operation of its trains, that the railroad owes a duty to the public using its right of way as trespassers or licensees; and members of the public are trespassers or licensees, when upon the company's right of way, except at public crossings and public thoroughfares, or upon such places as the company has expressly or impliedly invited the public.

As the place where this accident occurred was not a public crossing or a public thoroughfare, appellee's right to a recovery depends upon the place being one to which, as a member of the public, he had been invited by the company, on business with it; and the instruction authorizing a finding for him should have been so framed as to direct a verdict for him, if the jury believed from the evidence, that the place of the accident was an approach to the depot property and its use, as such, was acquiesced in by the company, and that appellee, at the time of the accident, was using this approach to reach the depot on business with the company. Instruction No. 2 should have authorized a finding for the defendant, unless the jury did so believe. The two instructions being separate and not interdependent, the one stating plaintiff's theory of the case, the other, the defendant's, a finding for defendant should have been

authorized, if the jury did not believe from the evidence, that the defendant owed to plaintiff the duty to keep the place of the accident safe. This instruction assumes the existence of such a duty and only permits a verdict for defendant, if the place was kept reasonably safe, and it did not, therefore, correctly state defendant's defense.

Instruction No. 1, is, also, defective, in that, if the jury believed from the evidence, that the duty was incumbent upon the company to keep the place in a safe condition for travel, and if it was not in such condition, within the knowledge of the company, they would find for the plaintiff, unless the dangerous place was guarded by lights or other signals, which excluded from the consideration of the jury, as a defense for the company, every other kind of protection, except a light or other signals. The company having introduced evidence that it had guarded the ditch by a plank, resting upon a pile of dirt at one end, and upon the railroad ties at the other, even if the company was under the duty of guarding the ditch, it was required to use only such means as are reasonably sufficient to warn pedestrians of the danger, and an instruction which specifies the means is erroneous. City of Louisville v. Lenahan, 149 Ky. 537; Grider v. Jefferson Realty Co., 116 S. W. 691; Gatewood v. City of Frankfort, 170 Ky. 292.

Objection is made to the instruction on the measure of damages, because it does not tell the jury, that, if they award plaintiff anything for the impairment of his ability to earn money, such award can only begin when the award for lost time ended. As another trial will be necessary, because of errors in instructions Nos. 1 and 2, and as, of course, double damages should not be allowed, which would result, if an award for lost time should overlap an award for impairment of ability to earn money, the instruction upon the measure of damages should, upon another trial, indicate to the jury that an award for impairment of ability to earn money should begin where an award for lost time ends, although we have not considered, upon this appeal, whether or not this error was prejudicial, and the reversal is not ordered because thereof. McHenry Coal Co. v. Taylor, 165 Ky. 144; L., C. & L. R. Co. v. Case, 72 Ky. 728; L. & N. R. R. Co. v. Logsdon, 114 Ky. 746; L. & N. R. Co. v.

Barrickman, 31 Ky. Law Rep. 883; Blue Grass Traction Co. v. Ingles, 140 Ky. 488.

Appellant also complains that, under the allegations of the petition alleging injury to appellee's bowels, it was error to admit evidence of the hernia; but this objection is not well taken, because hernia may be, and frequently is, the result of an injury to the abdomen, in which the bowels are involved, and is, in such cases, but the evidence of such injury. Cassidy v. Berkovitz, 169 Ky. 785; Posey v. Green, 78 Ky. 162; Pugh's Admr. v. White, 78 Ky. 210; Civil Code, sec. 134.

In appellee's petition he did not state that, at the time of the accident, he was upon appellant's premises on business with the company, but in an amended petition, to which a demurrer was sustained, he did so state. As this allegation was necessary, in addition to the allegations of the petition, to state a cause of action, the demurrer should have been overruled, and defendant should have been left to a motion to strike, to rid the amended petition of the allegations of lost profits, which were not an element of the damages he could recover. In sustaining this demurrer, and in preparing the instructions, the court, evidently, was of the opinion that appellee, as a member of the public, had the right to recover, if the place of the accident was habitually used by the public, with appellant's knowledge, as passway over its right of way, without reference to a use as a passway to its depot on business with the company; but this is not the law, as a consideration of the authorities herein cited will show.

Upon a new trial, the evidence of the use of the track by the public, as an approach to the depot on business with the company, for a period sufficient to charge the company with knowledge and implied consent to such usage, should be confined to the portion of the right of way, west of the tracks, where the accident occurred.

The other questions presented are not considered.

For the reasons indicated, the judgment is reversed and the cause remanded, for a new trial consistent herewith.