## Morgan v. Moore's Executrix.

(Decided October 30, 1923.)

### Appeal from Graves Circuit Court.

1. **Witnesses—Trustee in Bankruptcy May Not Testify Concerning Transaction with Decedent.**—The trustee of a bankrupt cannot testify concerning transactions had by him in his representative capacity with a person who is dead at the time the questioned testimony is given, if the rights of the trustee in his representative capacity be affected thereby or if the estate which he represents would or might be substantially involved and affected by the litigation.

2. **Appeal and Error—Repetition in Instructions Held Not Prejudicial.** —Repetition of an instruction that, "Unless you believe from the evidence that M., trustee in bankruptcy of G., had on hand and was ready and willing to offer to, and offered to, deliver to M. the amount of lumber and of the grades mentioned in the contract, . . . then you will find nothing on defendant's counterclaim," though undue emphasis of a phase of the evidence, was not prejudicial.

3. **Appeal and Error—Verdict Not Flagrantly Against Evidence Not Disturbed.**—Where the evidence was conflicting, a verdict not flagrantly against the evidence will not be disturbed.

J. E. WARREN and B. C. SEAY for appellant.

HESTER & HESTER and W. J. WEBB for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This action by the executrix of G. E. Moore to recover $2,500.00 paid by Moore to George H. Greenup and E. A. Morgan, on July 14, 1920, as first payment on 100,000 feet of oak lumber of designated grades, resulted in a verdict and judgment in favor of the executrix in the sum of $1,250.00, and Morgan, against whom the action alone was instituted, prosecutes this appeal. The contract with respect to the lumber and the payment of $2,500.00 reads:

"Fulton, Ky., July 14, 1920.

"We, the undersigned, Greenup and Morgan, have sold to G. E. Moore 100 M. feet oak lumber, most of which is now on stacks at our mill in Weakley county, Tenn., at prices as follows: 1-2, $110.00; No. 1 Com., $80.00; No. 2 Com., $50.00 F. O. B. C. Fulton, Ky., the lumber to be 90 days dry and delivered on car in good shipping condition, and we hereby acknowledge advance payment of $2,500.00 on the said 100 M. feet lumber, balance to be paid cash on delivery on board cars less 2% discount; the further agreement in this contract is that in loading out the said Greenup and Morgan are to stack the 1-2 or No. 1 Com. and No. 2 Com. in separate stacks, provided the purchaser sees fit to grade and separate the lumber before shipment; sold on ninety days' acceptance.

"GEO. H. GREENUP."

On the back of the contract was a promissory note reading:

"Fulton, Ky., July 14, 1920.

"On or before 90 days from above date, we or either of us promise to pay G. E. Moore $2,500.00 (two thousand five hundred dollars) for value received in cash as advance on the contract as shown on reverse side of this paper.

"GEO. H. GREENUP."

Morgan filed an answer and counterclaim whereby he admitted the execution of the contract and the payment of the $2,500.00 to Greenup on the lumber but denied his (Morgan's) liability for the said sum or any part of it. He further affirmatively pleaded by way of counterclaim that Greenup and later his trustee offered to carry out

and perform the terms of the contract by delivering the 100,00 feet of oak lumber to Moore, in his lifetime, but that Moore declined to receive or accept the lumber within the time specified in the contract, and that lumber soon thereafter declined in price and became worth less on the market, and in consequence thereof appellant Morgan had been damaged in the sum of $2,500.00 which he prayed to have set off against the claim of plaintiff for $2,500.00 on the note and contract. After issue joined a jury trial resulted in a verdict for defendant Morgan. The executrix moved for a new trial and assigned the following as one of her grounds:

"Because witness, H. J. Moorman, trustee in bankruptcy of George H. Greenup, was permitted to testify on defendant's behalf as to conversations he had with the decedent, G. E. Moore, as to tender of the lumber described in the contract sued on, and in compliance with the contract, and of said Moore's refusal to accept said lumber, and as to the amount of damages suffered by the defendant and said Greenup and his bankrupt estate on account of said Moore's breach of contract and refusal to permit the delivery of the lumber contracted for or to accept same, when offered to be delivered, and of his authority to deliver said lumber without production of the referee's court order showing his authority to do so. All of which was objected and excepted to at the time by plaintiff."

On consideration of the motion the court granted a new trial solely upon the ground set forth above, as stated in the bill of exceptions accompanying this record. A second trial resulted in a hung jury. On the third trial the executrix was awarded $1,250.00, the appellant Morgan having succeeded in convincing the jury that he had, through the fault of Moore, the purchaser, lost $1,250.00 by reason of depreciation in the market value of the lumber mentioned in the contract. Judgment being entered in accordance with the verdict, Morgan appeals.

His first insistence is that the trial court erred to his prejudice in granting the executrix a new trial. The soundness of this contention depends upon whether the trustee, H. J. Moorman, was a competent witness concerning the conversations and transactions had by him with Moore relative to the lumber, the said Moore being dead at the time of the trial. Under subsection 2 of sec-

tion 606, Civil Code of Practice, it is provided that "no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by . . . one who is . . . dead when the testimony is offered to be given."

After the sale of the lumber to Moore, Greenup became bankrupt and was adjudged so about a month and a half or two months after the date of the contract. In January or February following, Moore, the purchaser, committed suicide. This suit had not then been commenced. After Greenup was adjudged a bankrupt and Moorman had been appointed as trustee he took up with Moore the matter of delivering the oak lumber under the contract and, according to the testimony of Moorman, Moore declined to accept the lumber when tendered to him in performance of the contract. It will thus be seen that Moorman, trustee in bankruptcy of the estate of Greenup, gave testimony concerning the conversations and transactions had with Moore, who was dead at the time the testimony was given. The question is, may the personal representative of a deceased person, or trustee of a bankrupt, testify concerning transactions had by him in his representative capacity with a person who is dead at the time the questioned testimony is given? We think not, if the rights of the personal representative or trustee in his representative capacity be affected thereby, or, if the estate which he represents would or might be substantially involved and affected by the litigation. We have held that a personal representative cannot, when sued in his representative capacity, testify as to matters occurring between himself and decedent whose representative is prosecuting the case. Cobb v. Russell, 79 Ky. 61; Alexander v. Alford, 89 Ky. 101; Wilson v. Unselt, 12 Bush 215. The rule goes not only to the parties named in the action but to all persons who are directly interested in the recovery or defenses. Smick's Admr. v. Beswick, Admr., 113 Ky. 439.

At the time Moorman as trustee had the conversations and transactions with Moore, the former was acting for and on behalf of the bankrupt estate of Greenup, having full charge thereof, and was attempting to induce Moore to comply with the foregoing contract and to wind up the business of the bankrupt and dispose of the lumber and to collect such money as was going to the estate of the bankrupt. The trustee stood in much the same relation to the estate which Greenup occupied before he was ad-

judged a bankrupt. Certainly Greenup could not have testified concrning any conversation or transaction had with the decedent Moore before the former went into bankruptcy, and inasmuch as Moorman, as trustee, occupied the same relation to the estate which Greenup formerly had, he was not a competent witness and the trial court did not err in holding that his evidence was incompetent, and for that reason granting a new trial.

Appellant also complains of the instructions given by the court to the jury. Instruction No. 2 and instruction B were in substance the same as to one issue. Instruction B reads:

"The court instructs the jury that unless you believe from the evidence that H. J. Moorman, trustee in bankruptcy of George H. Greenup, had on hand and was ready and willing to, and offered to deliver to G. E. Moore the amount of lumber and of the grades mentioned in the contract, viz., 100,000 feet oak, or 1-2, No. 1. Com., and No. 2 Com., within 90 days from time said contract was made, July 14, 1920, then you will find nothing on defendant's counterclaim herein."

Instruction No. 2 presented the same question to the jury, and it is insisted by appellant that this was undue emphasis of a phase of the evidence of the plaintiff in the case before us. While we cannot approve the practice, we do not regard the repetition in this case as prejudicial. The instruction No. 2 was much longer than instruction "B" copied above, and presented other issues in the case, and ought not to have embraced the issue presented by instruction "B."

The evidence was conflicting. Some of the witnesses gave evidence strongly conducing to prove that Moore declined to accept the lumber according to the terms of the contract although the trustee and Greenup offered to deliver it to him. Other witnesses gave testimony tending to prove the contrary. This was an issue for the jury. The verdict, not being flagrantly against the evidence, will not be disturbed.

Finding no error to the prejudice of appellant, the judgment is affirmed.

Judgment affirmed.