## Huber v. Kerrick.

(Decided Nov. 28, 1933.)

WALTER F. ALT for appellant.

GEORGE C. BURTON and B. L. SHAMBURGER for appellee.

Opinion of the Court by Creal, Commissioner—Affirming.

This is an appeal from a judgment of the Jefferson circuit court, common pleas branch, Fourth division, in favor of Lida B. Kerrick against Harold E. Huber for the sum of $575 with interest from December 1, 1931, and for the further sum of $115 with interest from January 1, 1932. The latter is appealing.

The facts as disclosed by the record are that on January 1, 1931, appellee, by written contract, leased to appellant her farm containing about 130 acres for a term of three years at a monthly rental of $100, but reserved the residence, two tenant houses, other buildings, and certain grounds appurtenant thereto. The contract fully set out how the farm was to be used with reference to pastures, cultivation, rotation of crops, etc.; but it will not be necessary to detail these terms except in so far as they relate to grounds urged for reversal of the lower court's judgment.

Appellee testified that immediately after appellant took possession under the contract, he rented one of the tenant houses reserved by her for which he agreed to pay $15 per month. Appellant having failed to pay rent for the first six months' occupancy of the farm, appellee went before a justice of the peace and caused a distress warrant to issue against him, and later caused another distress warrant to issue against him for the month of January. Prior to the time the last warrant was issued, appellant moved from the farm, leaving a tenant in charge. The distress warrants were returned to the Jefferson circuit court. After answer had been filed in each case, they were consolidated and trial before a jury resulted in a verdict on which the judgment appealed from is predicated.

By way of answer, set-off, and counterclaim, appellant pleaded, in substance, that he had been evicted from a substantial portion of the leased premises by appellee and had been damaged in the use thereof because of her interference with him and his tenants or employees in the management and cultivation of the farm. Appellant and some of his witnesses testified that appellee fenced off a portion of the premises included in his lease in such a way as to deprive him of

the benefit and use of some of his pasture and to interfere with his use of the other and to deprive him of the use of a spring and fresh running water for his dairy cattle; and he and his witnesses also testified that appellee forbade them to pasture land sown to rye and to acts of interference on her part in the matter of disposing of manure removed from stock barns and other activities in the management of the farm and dairy.

Appellee denied that the fence erected by her cut off from appellant any of the leased premises or in any way interfered with his use thereof. In this she was corroborated by other witnesses. She also testified that she did not interfere with appellant or his tenants or employees in the management of the farm or cultivation of the crops, except possibly as to some things done contrary to the provisions of the contract.

One of the grounds argued for reversal is that the court erred in refusing to permit appellant to prove the custom in the community with reference to pasturing rye; but as we view the question the court properly excluded this evidence, since that matter was controlled by the provisions of the contract. The contract provided for rotation of crops and for the sowing of rye on certain lands to be turned under for fertilization of the land, etc., and other provisions were made for pastures.

Counsel argue as another ground for reversal that the court should have given a peremptory instruction in favor of appellant at the close of all the evidence. This argument is based on the theory that appellant was entitled to full and peaceful possession of the entire farm except the portions especially reserved in the written lease, and that this was denied him by appellee. This argument, however, only takes into consideration evidence offered by appellant and overlooks conflicting evidence on behalf of appellee. The general rule is that where there is any evidence tending to support an issue, it should be submitted to the jury. L. & N. R. Co. v. Schneider, 174 Ky. 727, 192 S. W. 834; North American Accident Insurance Company v. West, 245 Ky. 316, 53 S. W. (2d) 692.

Not only so, but the verdict of a properly instructed jury on conflicting evidence will not be disturbed in the absence of some legal error which would authorize a reversal unless the verdict is flagrantly and palpably

against the weight of evidence. L. & N. Ry. Co. v. Schaeffer, 213 Ky. 248, 280 S. W. 974; Ham v. Hord, 189 Ky. 317, 224 S. W. 868; Barren Fork Coal Co. v. Cogar Grain & Coal Co., 225 Ky. 270, 8 S. W. (2d) 399; Morgan v. Moore's Ex'x, 200 Ky. 684, 255 S. W. 540.

Finally, it is urged that the court erred in instructing the jury in that the instructions given did not submit issues raised by appellant's counterclaim. In substance, the instructions given authorized the jury to find for appellee the sums claimed unless the jury believed that without the knowledge and consent of appellant, appellee constructed the fence referred to in evidence and thereby deprived appellant of substantially three acres of his pasture land, in which event they should find for appellant. Without going into an extensive review of all the pleadings and evidence, it may be said that the instructions given fairly and fully submitted to the jury every proper issue made by pleading and proof.

Judgment affirmed.